## HOLCOMB *v.* NORMAN, BY NEXT FRIEND.

[No. 6,946.   Filed April 27, 1910.   Rehearing denied June 21, 1910. Transfer denied February 3, 1911.]

1. PLEADING. — *Complaint.* — *Facts.* — *Inferences.* — Although the courts in construing a complaint will not indulge inferences to supply wholly omitted facts, still a fact alleged in a complaint carries with it all facts that are necessarily inferred from such fact.   p. 90.

2. PLEADING. — *Complaint.* — *Statutory Requisites.* — The statute (§343 Burns 1908, §338 R. S. 1881) requires only that a complaint shall contain "a statement of the facts constituting the cause of action, in plain and concise language, * * * in such manner as to enable a person of common understanding to know what is intended."   p. 91.

3. MASTER AND SERVANT.—*Factory Act.—Complaint.—Place of Manufacture.*—A complaint alleging that defendant was engaged in the manufacture of brushes in the city of Indianapolis, and, in such business, operated by steam power all necessary machinery, that among the machines was an unguarded circular ripsaw, that plaintiff was directed to work thereon, and in so doing, by reason of the failure to guard, plaintiff was injured, shows by direct averment (by necessary inference, Rabb and Comstock, JJ.) that the machine causing the injury was in a manufacturing establishment within this State.   pp. 91, 98.

4. MASTER AND SERVANT.—*Inexperienced and Incompetent Servants.—Failure to Instruct.—Factory Act.—Complaint.—Surplusage.*—A complaint alleging that the plaintiff was seventeen years old, inexperienced in the use of machinery, and incompetent to operate a ripsaw, that the defendant knowing such facts and without instructing plaintiff in the use thereof, ordered the plaintiff to operate a ripsaw, by reason whereof he was injured, states a cause of action, and the further allegation that defendant and his foreman failed to instruct the plaintiff in the use of such machine, is surplusage. p. 92.

5. MASTER AND SERVANT.—*Factory Act.—Failure to Guard Machinery.—Incompetent Servants.—Appreciation of Dangers.—Interrogatories.—Inferences.*—Answers to interrogatories showing that the plaintiff had used an unguarded ripsaw at times for a year, that he knew how to saw with it, that it was unguarded, and that he improperly placed his hand in a dangerous position, do not overthrow a general verdict for the plaintiff, where the complaint alleges that the plaintiff was inexperienced, uninstructed, and did not appreciate the dangers of such work, to the knowledge of defendant, no inferences being indulged in support of the interrogatories. p. 94.

6. MASTER AND SERVANT.—*Inexperienced.—Failure to Instruct.—Instructions.*—An instruction that if defendant's foreman, knowing of plaintiff's inexperience, incompetency and inability to appreciate the dangers of using a ripsaw, ordered him to operate it, without giving him any instructions, it would constitute negligence, is not erroneous on the ground that the defendant might have instructed him, where the evidence shows that defendant did not instruct him. p. 95.

7. MASTER AND SERVANT.—*Injuries.—Damages.—Instructions.*—An instruction that, among other things, the jury should consider the impairment or loss, if any, of plaintiff's earning capacity by reason of his injury, as shown by the evidence, is not erroneous on the ground that there was no evidence of such loss, where the evidence showed that the plaintiff had lost the fingers of his left hand. p. 96.

8. NEGLIGENCE.—*Question of Fact or Law.*—Negligence becomes a question of law only when the facts and inferences therefrom give rise, in the minds of reasonable persons, to but one conclusion. p. 97.

9. MASTER AND SERVANT.—*Contributory Negligence.—Appreciation of Danger.—Jury.*—Whether a boy seventeen years old appreciated the dangers of working on an unguarded ripsaw is a question for the jury. p. 97.

From Superior Court of Marion County (73,418) ; *John L. McMaster,* Judge.

Action by Charles E. Norman, by his next friend, against J. Irving Holcomb. From a judgment on a verdict for $4,000 for plaintiff, defendant appeals. (For decision on motion for writ of *certiorari,* see 43 Ind. App. 506.) *Affirmed.*

*James Bingham,* for appellant.
*Emrick & Deupree* and *B. F. Watson,* for appellee.

RABB, P. J.—This was an action by appellee against appellant to recover damages for personal injuries claimed to have been caused by appellant's negligence. The assignment of errors and appellant's brief call in question the sufficiency of each paragraph of the complaint, the action of the court in overruling appellant's motion for a judgment in his favor on the answers to interrogatories, the giving of certain instructions, and the sufficiency of the evidence to sustain the verdict.

The first paragraph of the complaint is based on the alleged violation of the factory act, in failing to guard a saw used in a manufacturing plant. Its averments are that on March 12, 1907, defendant was engaged in the business of manufacturing brushes in the city of Indianapolis, and in such business operated by steam-power all necessary machinery, and among other machines kept and used a circular saw twelve inches in diameter, which was set in a table and revolved in a groove in the top of the table, so that about four inches of the saw protruded above the top of the table and was so connected by mechanical devices with the steam-power that when in use it revolved with great rapidity, and was used for the purpose of sawing and ripping timber; that it was necessary for those using the saw to lay the piece of timber to be sawed on top of the table and guide it with the hand against the saw; that it was necessary, to the safe operation of the saw, that the exposed parts of it extending above the table should be protected by a guard that would keep the hands and arms of the operator from

coming in contact with the saw, and that such guard could have been maintained without impairing the utility of the saw; that defendant failed to provide such guard; that at the time plaintiff was injured he was operating said saw without such guard; that at said time he was seventeen years of age, and engaged in defendant's service as a laborer; that his duty as defendant's employe required him, when called on by defendant's foreman, to use said saw in sawing timber; that on said date he was directed by said foreman to use said saw, and while he was so engaged, and in the exercise of reasonable care to avoid injury, his hand was jerked and drawn against the unguarded saw and injured; that such injury was caused by the failure of defendant properly to guard the saw.

This paragraph of the complaint is criticised as not showing by direct averment that the saw which caused the injury complained of was operated in a "manufacturing establishment within this State," so as to place it within the terms of the statute requiring such saws to be guarded, and that it is not directly averred that appellee was engaged at work in a "manufacturing establishment," owned and operated by appellant at the time the injury complained of was received.

Appellant argues that it is only by inference, intendment and conjecture that these essential facts can be gathered from the pleading in question, and that the court can take

1. nothing by intendment or inference in support of a pleading, and numerous authorities are cited to sustain this general proposition. It is a well-settled, general rule that the court, in construing pleadings, will not indulge in inferences to supply essential facts, but it is equally well settled that this general rule is subject to the qualification that the averment of a given fact in a pleading carries with it into the pleading all facts that are necessarily to be inferred from the fact alleged. *Byard* v. *Harkrider* (1886), 108 Ind. 376; *Douthit* v. *Mohr* (1888), 116 Ind. 482; *Malott* v. *Sample* (1905), 164 Ind. 645; *Evansville, etc., R. Co.* v. *Dart-*

*ing* (1893), 6 Ind. App. 375; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153.

The statutory rule governing the subject of pleadings provides that the complaint shall contain "a statement of the facts constituting the cause of action, in plain and concise language, * * * in such manner as to enable a person of common understanding to know what is intended." §343 Burns 1908, §338 R. S. 1881. Here the direct averment in the complaint, that at the time plaintiff was injured defendant was engaged in the business of manufacturing brushes in the city of Indianapolis, Indiana, carried with it the necessary inference that he was the owner of and operated a manufacturing establishment in this State for such purpose, within the plain meaning of the statute invoked. And the further averment that in the manufacture of brushes defendant kept and operated by steam-power certain machinery, among which was a circular saw, carried with it the necessary inference that such saw was used in such manufacturing establishment. And it is directly averred that in the performance of the duties of his employment plaintiff was injured by this saw, while at work with it. There is no reason why a person of common understanding could not know from the language of the complaint that the pleader meant and intended to charge every essential fact to make out a case against defendant for a violation of the provisions of the factory act. The paragraph of complaint in question is not amenable to the objections urged against it.

The second paragraph of complaint is based on the common-law liability of a master for negligence in failing to instruct a young and inexperienced employe who was set to work at a dangerous machine, and who, by reason of his inexperience and lack of knowledge of the proper manner of operating the machine suffered an injury.

The averments of this paragraph, after setting out the

facts with reference to the business in which defendant was engaged, and describing the machine with which the business was carried on, as contained in the first paragraph of the complaint, are as follows: That on the day mentioned, and for some months prior thereto, plaintiff was in the employ of defendant as a laborer about said plant; that he was at that time but seventeen years of age; that he was inexperienced in mechanical labor and in the use, construction and operation of machinery, and was incompetent to do the work incident thereto, all of which was known to defendant at the time of and during plaintiff's employment. It is averred that among other machinery kept and operated by defendant was a circular saw, set in a table and revolving in a groove in the top of said table, in such manner that the saw extended above the top of the table, and was connected with steam-power, and when in use revolved with great rapidity, and was of such a dangerous character that it required a well-instructed, skilful and competent sawyer to have charge of and operate the saw, in order safely to perform said work, without injury to himself; that the saw, when being operated, was at all times dangerous to an uninstructed, incompetent and unskilled sawyer, and one inexperienced in the use of machinery, all of which things were well known to defendant; that plaintiff did not know how to operate said saw properly, and was incompetent and unfit to be put at such work, and that there was great danger to him by reason of his inexperience and youth, all of which defendant knew, and that he and his said foreman did not on any occasion instruct or direct plaintiff how to use and operate said saw, and did not at any time warn or tell him of the danger to him in operating said saw; that on said March 12, plaintiff was directed by defendant's foreman to use said saw to rip pieces of timber for the use of defendant in its said business; that the operation of said saw by plaintiff was dangerous to him as aforesaid, as he had never been instructed by defendant or his

said foreman how to use said saw properly, and was not so instructed at any time, but on said occasion was put to work at said saw without any proper instruction, and that he did not know how to use said saw properly, and that he did not understand and appreciate the danger to himself from its operation; that well knowing these things, defendant negligently ordered and directed plaintiff to operate the saw, and that while so engaged in operating it, and while holding a piece of timber against the saw for the purpose of sawing it, because of his inexperience, incompetency, lack of proper and correct instruction, his hand was jerked against the saw, without his fault, and was injured.

It is insisted that this paragraph of complaint is bad, for the reason that the proximate cause of plaintiff's injury is charged to have been the failure of defendant and his foreman properly to instruct plaintiff in the use of the saw, and that it proceeds upon the theory that it was the duty of defendant and his foreman to give proper instructions to plaintiff. The pleading charges in direct and express terms that defendant knew that plaintiff was ignorant of the proper manner in which the saw should be used, and that he was incompetent, on account of his youth and ignorance, to operate the saw, and that defendant knew of the dangers attending the operating of the saw, and with this knowledge set plaintiff to operating the dangerous machine, and that he suffered the injury complained of by reason of his incompetency, ignorance, lack of knowledge, and lack of appreciation of the danger. With these averments clearly and directly appearing in the complaint, all other averments with reference to the instructions that should have been given by defendent and his foreman are merely redundant verbiage. This paragraph of the complaint, though containing some redundant and meaningless words, is clearly good.

Appellant insists that the answers to interrogatories returned by the jury are in conflict with the general verdict,

for the reason that they show affirmatively that appellee was guilty of negligence proximately contributing to his injury. This contention is based upon the fact that these answers show that appellee had been engaged at work in appellant's factory for over a year at the time his injury was received, and was familiar with the mechanism and operation of the saw that caused his injury, and that for a year prior to receiving the injury he had operated the saw every two or three days in ripping timber; that he knew that it was not provided with a guard or spreader to prevent its pinching when in operation, and that he was injured while using the saw to saw a stick of timber twelve inches long, one and three-fourths inches thick and two and three-fourths inches wide; that while engaged in the work the piece of timber he was sawing began to bounce, which fact appellee observed, and, to hold the stick, placed his hand on the stick back of the saw, and while so holding it the force of the saw upon the timber jerked it in such manner as to throw his hand against the saw, and caused the injury; that it was not proper for appellee to place his hand on the stick in the manner shown; that he knew if the stick he was ripping at the time he was injured should pinch the saw, it was likely to jerk the stick.

The interrogatories do find that appellee when injured was a youth seventeen years of age, of average intelligence. It is averred in one paragraph of the complaint that he was incompetent to judge of the dangers incident to working with machinery of the character here involved, which fact was known to appellant; that he did not know how to operate the saw properly, and was never instructed how to operate it properly. All of these facts are established in appellee's favor by the general verdict, and the fact that appellee knew how to adjust the machine for work, or how to saw lumber with it, and had used it for some considerable time, that he knew it was unguarded, and that the stick he was sawing was being jerked by the action of the saw upon

it, and that he improperly placed his hand on the stick to hold it down, are not inconsistent with his lack of knowledge of the dangers arising from operating the machine. His knowledge of conditions does not necessarily imply a knowledge and appreciation of the dangers arising from the conditions. *Davis Coal Co.* v. *Polland* (1903), 158 Ind. 607, 92 Am. St. 319; *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541; *Narramore* v. *Cleveland, etc., R. Co.* (1899), 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68; *Rase* v. *Minneapolis, etc., R. Co.* (1909), 107 Minn. 260, 120 N. W. 360, 21 L. R. A. 138.

Unless appellee not only knew the conditions but also knew of the dangers arising therefrom, he could not be charged with negligence in failing to avoid them. Nothing is taken by intendment, in extension of the facts found in answer to interrogatories, to overcome the general verdict, but every supposable state of facts that could reasonably have been proved under the issues, that would harmonize the answers to interrogatories with the general verdict, will be presumed to exist, and here it will be presumed in favor of the general verdict that appellee did not know of the danger incurred in placing his hand on the stick of timber which he was sawing when injured, and that he did not know that it was unsafe for him to do so. No error intervened in overruling appellant's motion for judgment on the answers to interrogatories.

Instruction ten, given by the court to the jury, and complained of by appellant, is addressed to the issues presented by the second paragraph of appellee's complaint, and, among other things, informs the jury that if the plaintiff, while in the employ of the defendant, was directed by the defendant's foreman, who had charge of the men employed in defendant's factory, to operate the saw in question, and, pursuant to said direction, plaintiff did operate said saw, and the jury should find that such work was dangerous, and that plaintiff was ignorant of such danger

and incapable of discovering, appreciating and avoiding it, without instruction from said foreman, and the foreman knew of plaintiff's ignorance of the danger and his inability to discover and avoid it, without instruction, and that he failed to give plaintiff proper instruction as to such danger and how to avoid it, then such failure would be negligence.

The objections urged against this instruction are that it imposes a liability upon appellant for the failure on the part of the foreman to instruct appellee, without taking into consideration instructions which the appellant may have personally given to appellee. Instructions to a jury are designed to enable them to apply the law to the evidence they have heard in the case, and not to teach them abstract principles of law; and, as applied to the evidence, the instruction is subject to no just criticism. Both appellant and appellee testified that appellee had received no instructions whatever from appellant personally.

Instruction fourteen, complained of by appellant, related to the measure of damages, and in a clause thereof the jury were told that in fixing damages they should consider,

7. among other things, the impairment or loss, if any, of plaintiff's earning capacity by reason of such injury, as shown by the evidence. This instruction is condemned by appellant, because it contains such clause, and there was, it is contended, no evidence in the case of any loss or impairment of appellee's earning capacity. The evidence did show that the injury complained of was the loss of the fingers of appellee's left hand, and there was no dispute that appellee did suffer this loss. We think the jury might well have inferred loss of earning capacity from this established fact that appellee's hand was thus permanently maimed, but if this were not true, the instruction was not erroneous. It authorized the jury to allow damages on this account, upon the condition that the evidence established the fact that there had been a loss of earning capacity. If there was no evidence to establish the loss of earning capacity, then

there could be no recovery on this score, and the instruction would be harmless and afford no ground for a reversal of the case. The cases cited by appellant to sustain his position on this question are not in point. The instructions under consideration in the cases cited were materially different from the one given in this case.

It is further insisted by appellant that the judgment should be reversed because the evidence is of such a character as to require this court, as a matter of law, to hold that appellee was guilty of contributory negligence, in that it is shown, without dispute, that, with a full knowledge of all the conditions, appellee placed his hand on the block he was sawing in such a position that it was likely to suffer the very injury that did result. It is only in exceptional cases that negligence becomes a question of law for the court. It is only when the facts are not in dispute, and the inference of negligence or due care arising from the facts is irresistible, that it becomes such. As heretofore stated, knowledge of conditions in which danger lurks does not necessarily impute knowledge of the danger, and even knowledge of the danger itself does not necessarily establish negligence in taking the risk. *Davis Coal Co.* v. *Polland, supra.*

Here the proof shows that appellee knew that the saw he was working with protruded through the piece of wood he was sawing. He also knew it was not guarded, and that the force of the saw made the piece of wood he was sawing jerk to some extent. He was a boy of immature judgment. He had never been instructed in the danger to be apprehended from doing the kind of work he was engaged in, and the jury might well have believed, from the evidence, that this boy did not understand that if he put his hand on the stick, as the evidence disclosed that he did, the action of the saw was liable to affect the stick to such an extent as to jerk his hand back onto the saw. In other words, he did not appreciate

the danger.  We cannot say, as a matter of law, that the evidence establishes contributory negligence on appellee's part.

Judgment affirmed.

Comstock, J., concurs.

## CONCURRING OPINION.

HADLEY, J.—I concur in the result reached in the foregoing opinion, but I do not concur in that part of the opinion which holds that the rule referred to, regarding inferable facts, should be applied to the complaint in this case, since in my opinion the complaint directly avers that the saw which caused the injury complained of was operated in a manufacturing establishment within this State, and that appellee was engaged at work in a manufacturing establishment owned and operated by appellant at the time the injury complained of was received.

Myers, C. J., Watson and Roby, JJ., concur.