# INDIANAPOLIS TRACTION AND TERMINAL COMPANY v. CROLY.

[No. 8,201. Filed February 25, 1914.]

1. STREET RAILROADS.—*Injuries to Persons on Tracks.—Last Clear Chance.—Instructions.—Harmless Error.*—In an action for injuries to a child while crossing a street car track, an instruction on the doctrine of last clear chance, though erroneous in stating that plaintiff would be entitled to recover if the motorman by reasonable care on his part could have known that the child was in danger in time to stop the car and avoid the injury, and failed to do so, was harmless in view of such motorman's undisputed testimony that he saw the child. p. 545.

2. DAMAGES.—*Injury to Child.—Loss of Service.*—In an action by a parent for injuries to his child, the measure of damages is the value of any services which the evidence shows that plaintiff has lost and will probably lose during the minority of the child

as a result of such injuries, or any diminution of the value of such services which the evidence shows has resulted or will probably result therefrom during such period, less the reasonable cost of its support and maintenance. p. 545.

From Superior Court of Marion County (79,211) ; *Vinson Carter,* Judge.

Action by Joseph Croly against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*F. Winter, M. E. Foley* and *W. H. Latta,* for appellant.
*George W. Galvin,* for appellee.

HOTTEL, J.—This is an appeal from a judgment recovered by appellee in an action brought by him for damages against appellant on account of an injury to a minor child of appellee, alleged to have been caused by appellant's negligence. A trial by jury resulted in a verdict in appellee's favor for $600. Appellant's motion for a new trial was overruled and exceptions properly saved. This ruling is assigned as error and relied on for reversal.

The present case grows out of the same occurrence as that involved in the case of *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, and it is insisted by appellant, on the authority of that case, that the evidence in the present case shows that appellee's child was guilty of contributory negligence as a matter of law. We think the evidence in this case shows some facts pertinent to this question in appellee's favor not so clearly and certainly disclosed by the evidence in the other case, but, in view of the conclusion we have reached on other questions presented by the appeal, and for the reason that the evidence on another trial of the case may not be the same as here presented we deem it unnecessary to indicate any opinion as to its present sufficiency in the respect mentioned. For the same reason we need not indicate any opinion as to the correctness of instruction No. 9, the only objection to it

NOVEMBER TERM, 1913. 545

Indianapolis Traction, etc., Co. *v.* Croly—55 Ind. App. 543.

being, that it submitted to the jury such question of contributory negligence, whereas, under the facts of this case, the court should have instructed that such child was guilty of such negligence.

The latter part of instruction No. 10, which was an attempt to instruct the jury on the doctrine of last clear chance, told it "if you should also find that said child, when she became in a place of danger, was unconscious or unaware of her danger, and that said [defendant] motorman, either knew, *or, by reasonable care on his part could have known* that said child was in danger and was unaware of her danger, in time to have stopped the car and avoided injuring said child, but failed to do so * * * then the plaintiff would be entitled to recover, notwithstanding she was negligent in going on the tracks", etc. (Our italics.) The words italicized, and a repetition of words of similar import in another clause of the instruction, are objected to by appellant. It is insisted, *and correctly we think,* that in the respect indicated this instruction does not correctly state the doctrine of last clear chance as expressed in the case of *Indianapolis Traction, etc., Co.* v. *Croly, supra.* While the instruction is erroneous in such respect, we think, in view of the undisputed evidence of the motorman that he did see appellee's child, appellant could not have been harmed by the giving thereof. *Indianapolis Traction, etc., Co.* v. *Croly, supra,* 983.

One part of instruction No. 13, objected to, told the jury that, if it found for the plaintiff "then the measure of his damages would be * * * the reasonable value of the services of said child from the time of her injury until she will become of the age of twenty-one years, less the reasonable cost of her support and maintenance, until she arrives at said age", the aggregate not to exceed the amount named in the complaint. This instruction treats appellee's damages as being the same as though

his child had been killed, or totally and permanently disabled. *Pennsylvania Co.* v. *Lilly* (1881), 73 Ind. 252, 254; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 35, 59 N. E. 47; *Southern Ind. R. Co.* v. *Moore* (1904), 34 Ind. App. 154, 157, 72 N. E. 479. The instruction should have limited appellee's recovery in the respect indicated, therein to the value of any services which the evidence showed that appellee *had lost and would probably lose* during the minority of such child as a result of such injury or any diminution of the value of such services, which the evidence showed had resulted and would probably result from such injury during said period. *Holcomb* v. *Norman* (1911), 47 Ind. App. 87, 91 N. E. 626; *Citizens St. R. Co.* v. *Twiname* (1890), 121 Ind. 375, 378, 23 N. E. 159, 7 L. R. A. 352. The instruction is open to criticism in another respect, but, inasmuch as it was clearly erroneous and necessarily harmful to appellant in that it directed, or at least, permitted, a larger recovery than the law authorized, its other infirmity need not be discussed.

On account of the error in giving such instruction the judgment below is reversed with instructions to the court to grant a new trial and for such other proceedings as may be consistent with this opinion.

NOTE.—Reported in 104 N. E. 328. As to a railroad company's duty to person trespassing on track, see 30 Am. St. 53. As to the applicability of the doctrine of last clear chance where danger was not actually discovered, see 55 L. R. A. 418; 36 L. R. A. (N. S.) 957. As to whether wantonness or wilfulness, precluding defense of contributory negligence may be predicated on the omission of a duty before the discovery of a person in a position of peril on a railroad or street railway track, see 21 L. R. A. (N. S.) 427. On the right of an infant to recover damages for loss of services or diminished earning capacity, during minority, from personal injuries, see 6 L. R. A. (N. S.) 552. See, also, under (1) 36 Cyc. 1648; (2) 29 Cyc. 1651, 1652.