HINTON ET AL. *v.* FALLS CITY SAVINGS AND LOAN ASSOCIATION.

[No. 8,925.    Filed January 12, 1916.]

1. APPEAL.—*Assignment of Errors.*—*Waiver.*—Assignments of error are waived by appellants' failure to comply with Rule 22, clause 5, requiring appellants to set out in the brief each separate error relied on under "points and authorities."    p. 473.

2. APPEAL.—*Assignment of Errors.*—*Questions Presented.*—No question is presented on an assignment of error challenging a conclusion of law by points in appellants' brief directed to the sufficiency of the evidence.    p. 474.

3. APPEAL.—*Assignment of Errors.*—*Questions Presented.*—No question is presented by assigning as independent error matter that should have been presented to the trial court by motion for a new trial.    p. 474.

From Clark Circuit Court; *William C. Utz*, Special Judge.

Action by Dorsey D. Hinton and others against the Falls City Savings and Loan Association. From the judgment rendered, this appeal is prosecuted. *Appeal dismissed.*

*Warren B. Allison*, for appellants.
*Joseph H. Warder*, for appellee.

HOTTEL, J.—On May 2, 1912, appellant Gilligan (hereinafter referred to as appellant) with twenty-seven other coplaintiffs filed in the court below their amended complaint in which they alleged that they were depositors and stockholders in appellee association and that the assets thereof were insufficient to pay them as provided in the by-laws of such association. Other facts showing the insolvency of such association and the necessity for a receiver therefor are alleged and the appointment of a receiver asked. On June 5, 1912, appellee admitted its insolvency, and the court appointed a receiver who qualified and entered upon the discharge of his duties. On October 11, 1912, appellant filed an intervening petition in said cause in which she alleged that said association was indebted to her in the sum of $1,912.50 on account of an alleged certificate of indebtedness for $1,500 with interest coupons attached, filed with and made part of her petition. She asked that the receiver be required to pay her first after the payment of the expenses, etc.

There was a trial by the court and a special finding of facts, with conclusions of law stated thereon, as follows: "1. That the transactions between the intervener and said association do not constitute a loan of money to said association by the intervener. 2. That the certificate No. 151, held by intervener does not constitute a promise to pay under the law

merchant, but is merely a certificate evidencing the amount of paid up stock, for which the intervener subscribed in said association and now holds. 3. The intervener being a paid up stockholder, she can have no preference in the payment of her stock over the holders of running stock, but will share in the proceeds of said association *pro rata* with other stockholders of whatever kind."

To each of these conclusions the appellant alone at the time excepted, whereupon the court rendered the following judgment: "It is therefore considered, adjudged and decreed by the court that the petitioner, Anna E. Gilligan, take nothing by reason of her intervening petition herein and that she have no preference in the payment of her stock over the holders of running stock, that she share in the proceeds of said association *pro rata* with other stockholders of whatever kind. It is further considered and adjudged by the court that the defendant recover of the said petitioner, Anna E. Gilligan, its costs and charges occasioned by the filing of said intervening petition to which decision of the court the said petitioner, Anna E. Gilligan, at the time excepts."

Appellant filed no motion for a new trial but prayed an appeal from the judgment rendered and the court gave her thirty days in which to file her appeal bond and sixty days in which to file her general bill of exceptions. On January 7, 1914, said appellant filed her appeal bond, but the transcript was not filed in this court until March 28, 1914, or more than sixty days after the filing of her appeal bond. This is, therefore, a vacation appeal. *Schultze* v. *Maley* (1914), 56 Ind. App. 586, 590, 105 N. E. 942, and cases cited.

In an assignment of errors in which appellant has named herself and her said twenty-seven co-

plaintiffs as appellants, and said association as appellee, she says: "The appellants say there is manifest error in the judgment and proceedings in this cause in this: 1. The court erred in its conclusions of law No. 1 upon the special finding of facts. 2. The court erred in its conclusions of law No. 2 upon the special finding of facts. 3. The court erred in its conclusions of law No. 3 upon the special finding of facts. 4. The judgment appealed from is not fairly supported by the evidence. 5. The decision of the court is not fairly supported by the evidence. 6. The judgment appealed from is clearly against the weight of the evidence. 7. The decision of the court is clearly against the weight of the evidence. 8. The judgment of the court is contrary to law. Wherefore, this appellant prays that the judgment may be in all things reversed." This assignment is signed by " * * * Attorney for Anna B. Gilligan."

Appellee has not briefed the case on its merits but insists on a dismissal of the appeal on the ground that appellant, by her brief, has presented no question for this court's consideration; that this is so because appellant by her failure to comply with the rules of the court, has waived a consideration of its assigned errors, 1, 2 and 3, and that assigned errors, 4 to 8 inclusive, while they might be grounds for a new trial, if properly stated in a motion therefor, are not proper grounds for independent assignment. Appellee is correct in this contention. Assigned errors, 1, 2 and 3 are waived by failure to comply with Rule 22, clause 5, which requires appellant to set out each separate error relied on for reversal under his points and authorities together with the propositions of law and the authorities upon which she relies to present such respective errors. *Chicago, etc., R. Co.* v. *Dinius*

(1913), 180 Ind. 596, 103 N. E. 652; *Palmer* v. *Beall* (1915), *ante* 208, 110 N. E. 218, and cases cited.

Appellant's points under the first assigned error are directed to the sufficiency of the evidence to sustain the finding. Her exceptions to such conclusions of law admitted for the purpose of such exception, that the facts within the issues were fully and correctly found. *Wills* v. *Mooney-Mueller Drug Co.* (1912), 50 Ind. App. 193, 199, 97 N. E. 449; *Pittinger* v. *Ramage* (1907), 40 Ind. App. 486, 82 N. E. 478. Assigned errors 2 and 3 are not referred to in appellant's points and authorities. Assigned errors, 4 to 8 inclusive, present. no question for the reason that they seek to present matters that should have been presented to the trial court by motion for a new trial. Ewbank's Manual (2d ed.) §§133, *et seq.*, and cases cited.

There are other irregularities and infirmities in the appeal and assignment of errors, apparent on the face of the record, above indicated, which are not considered because those insisted on by appellee are sufficient to authorize a dismissal of the appeal. *Palmer* v. *Beall, supra.* The appeal is therefore dismissed.

NOTE.—Reported in 111 N. E. 20. See, also, under (1) 3 C. J. 1409; 2 Cyc 1014; (2) 3 C. J. 1363; 2 Cyc 988; (3) 3 C. J. 1388; 2 Cyc 999.