## GOODMAN v. BAUER.

[No. 8,960. Filed February 2, 1916.]

1. APPEAL. — Record. — Evidence. — Instructions.— Where the evidence is not in the record, the instructions will not be held erroneous if they were applicable to any possible state of the evidence under the issues. p. 672.

2. APPEAL.—Presumptions.— Burden to Show Error.—Every presumption is indulged in favor of the correctness of the rulings of the trial court, and appellant has the burden to show affirmatively by the record the error of which he complains. p. 672.

3. NEGLIGENCE.—Collision on Streets.—Action.—Complaint.—Last Clear Chance.—A complaint alleging that defendant was driving an automobile west on the north side of a highway and plaintiff was riding a motorcycle going east on the south side thereof at a speed of about eight miles per hour, that defendant negligently, without giving any warning to plaintiff, turned at a speed of twenty miles per hour to go south on an intersecting highway running

north and south, and negligently ran his automobile upon and over plaintiff and injured him, was sufficient to enable plaintiff to invoke the doctrine of last clear chance.  p. 673.

4.   APPEAL.—*Review.*—*Instructions.*—*Evidence.*—Where the complaint was sufficient to invoke the last clear chance doctrine, and the evidence was not in the record, the court on appeal could not hold an instruction on that doctrine erroneous, though perhaps it was subject to criticism, since the evidence may have clearly established the propositions claimed by appellant to have been omitted from such instruction.  p. 673.

From St. Joseph Superior Court; *Fred Woodward*, Judge *Pro Tem.*

Action by Robert Bauer against William Goodman.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Fred C. Gabriel* and *Lewis W. Hammond*, for appellant.

*P. C. Fergus*, for appellee.

FELT, P. J.—On a complaint and answer by general denial, appellee recovered a judgment against appellant for damages received by him in a collision between an automobile driven by appellant and a motorcycle driven by appellee.   Appellant has assigned as error the overruling of his motion for a new trial.   The only ground of such motion discussed in appellant's brief questions the correctness of instructions Nos. 8, 9½, 10 and 10½, given at the request of appellee.   No attempt has been made to bring the evidence to this court.   In the absence of the evidence, the trial court will not be held to have committed reversible error in the giving of instructions if the instructions complained of would have been applicable to any possible state of the evidence admissible under the issues.   In this court, every presumption is indulged in favor of the correctness of the rulings of the trial court and to obtain a reversal of a judgment an appellant must affirmatively

show by the record the error of which he complains. *Rapp* v. *Kester* (1890), 125 Ind. 79, 82, 25 N. E. 141; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 508, 515, 62 N. E. 32; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 454, 67 N. E. 229.

The objection urged to instructions Nos. 8 and $9\frac{1}{2}$ is that they are not applicable to the issues. This objection is not tenable under the foregoing rule for it is apparent that the evidence may have fully warranted the giving of the instructions.

The gist of the complaint is that appellant was driving an automobile west on the north side of a public highway and appellee was riding a 3. motorcycle going east on the south side thereof at a speed of about eight miles per hour; that appellant saw appellee, as they approached each other, or could have seen him 4. had he looked; that appellant negligently, without giving any warning to appellee, turned from the east and west highway at a speed of twenty miles per hour, to go south on an intersecting highway running north and south, and negligently ran his automobile upon and over appellee and injured him. Instruction No. $10\frac{1}{2}$ reads as follows: "I charge you that even if you do find from the evidence that the plaintiff did not use due care and caution in the operation of his motorcycle on the day charged, at the crossing alleged, but his want of due care was not the proximate cause of his injury and that the defendant by the exercise of ordinary care and caution could have stopped his automobile, so as to prevent the injury, and that plaintiff, was injured by defendant in the driving of his car, then I instruct you, your verdict should be for the plaintiff." Appellant contends that this instruction was intended to state the law of the last clear chance

doctrine and that it is erroneous in failing to inform the jury that appellant must have seen appellee in a position of danger from which he was unable to extricate himself and failed to use due care to prevent the injury, or that some appreciable time must have intervened between the time appellant saw appellee and the time the accident occurred, during which time appellant could have taken some precautions to prevent the injury. Appellee contends that the giving of the instruction can not be held to be reversible error under the issues, in the absence of the evidence, and that in any event appellant was not harmed because of the giving of instruction No. 12 which is as follows: "The court instructs the jury that if they find from the evidence that both plaintiff and defendant were negligent up to the moment of the accident, and that such negligence on the part of each caused the accident, then I charge you that the plaintiff cannot recover and your verdict should be for the defendant." The complaint is sufficient to enable appellee to invoke the last clear chance doctrine. *Picken* v. *Miller* (1915), 59 Ind. App. 115, 108 N. E. 968, and cases cited. Whatever view may be taken of instruction No. 10½, it is apparent that under the issues of the case, the undisputed evidence, or the admission of appellant, may have clearly established the propositions which appellant contends are omitted from the instruction, in which event, independent of the merits of the objections urged, the instruction would not have been erroneous as applied to the issues and facts of the particular case, though it may be subject to criticism as a general or abstract statement of the law. Therefore, on the showing made, in the absence of the evidence, we can not say that the court committed reversible error in giving the instruction. *Indianapolis Traction, etc., Co.* v. *Croly*

(1914), 55 Ind. App. 543, 545, 104 N. E. 328; *Indiana Union Traction Co.* v. *Kraemer* (1913), 55 Ind. App. 190, 195, 102 N. E. 141; *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091; *Terre Haute, etc., Traction Co.* v. *Latham* (1913), 53 Ind. App. 366, 370, 101 N. E. 746; *Hartlage* v. *Louisville, etc., Lighting Co.* (1913), 180 Ind. 666, 668, 103 N. E. 737. Considering all the instructions and the issues, the case seems to have been fairly tried and a correct result reached. No intervening error has been pointed out which would justify a reversal of the judgment. *City of Logansport* v. *Jordan* (1908), 171 Ind. 121, 134, 85 N. E. 959; *Germania Fire Ins. Co.* v. *Pitcher* (1903), 160 Ind. 392, 406, 64 N. E. 921, 66 N. E. 1003; *Griffith* v. *Felts* (1913), 52 Ind. App. 268, 99 N. E. 432; and cases cited; *Friebe* v. *Elder* (1914), 181 Ind. 597, 609, 105 N. E. 151. Judgment affirmed.

NOTE.—Reported in 111 N. E. 315. As to use of highway by automobile, see 108 Am. St. 213. As to the application of doctrine of last clear chance where danger is not actually discovered, see 55 L. R. A. 418; 36 L. R. A. (N. S.) 957. As to the doctrine of last clear chance as affected by question whether the negligence of plaintiff or decedent and of defendant was concurrent, see 7 L. R. A. (N. S.) 132, 152; 17 L. R. A. (N. S.) 707; 19 L. R. A. (N. S.) 446; 27 L. R. A. (N. S.) 379. As to the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648. See, also, under (1) 3 Cyc 169; (2) 3 Cyc 275; (3) 29 Cyc 570, 580; (4) 3 Cyc 304.