## BINGHAM, RECEIVER, *v.* NEWTOWN BANK ET AL.

[No. 9,454. Filed June 2, 1916. Opinion modified and rehearing denied November 29, 1916. Transfer denied February 2, 1917.]

1. APPEAL.—*Briefs.*—*Amendment.*—Within the time allowed by the court for the filing of briefs an appellant will be permitted to file amended briefs, or to make any reasonable amendment to those which he may have filed before the expiration of the time allowed, upon notice to the opposite party and leave of court, and, after such time, appellant may in certain contingencies obtain leave of court to amend his briefs; and, if the briefs filed show substantial compliance with the rules of court and duly present some question, on proper showing and after notice to the opposite party, the court will permit any reasonable amendment of the briefs necessary to fully present the merits of the appeal, subject to such orders as to the payment of the costs as the court may deem just and equitable, but, if the briefs filed by appellant, when fairly and liberally construed, under the rules of the court, fail to present any question relating to the merits of the appeal, he will not be permitted to amend after the time for filing briefs and taking an appeal, except in cases where the necessity for the amendment resulted from the acts or conduct

of the appellee, or from some cause for which appellant was in no way to blame. p. 609.

2. APPEAL.—*Briefs.—Failure to Comply with Rules of Court.— Amendment.—Time.—Dismissal.*—Where the time for perfecting an appeal has expired, and it appears from the record and the briefs filed by appellant that he has presented no question for review under the rules of the court he will not be permitted to amend, and appellee's timely motion for a dismissal of the appeal will be sustained. p. 610.

3. APPEAL.—*Rules of Court.—Effect.*—The rules of the court have the force and effect of law, binding alike upon litigants and the court. p. 610.

From Fountain Circuit Court; *Isaac E. Schoonover,* Judge.

Action by James Bingham, receiver of the Columbia Casualty Company, against the Newtown Bank and others. From the judgment rendered, the receiver appeals. *Appeal dismissed.*

*Bingham & Bingham,* for appellant.

*C. W. Dice, John E. Gavin* and *Adams, Follansbee, Hawley & Shorey,* for appellee.

FELT, J.—Appellee Rudolph C. Keller has moved to dismiss this appeal. The record shows that the judgment overruling appellant's motion for a new trial was rendered September 7, 1915. The appeal was submitted in this court on December 6, 1915. Appellant by procuring an extension of time had until April 10, 1916, in which to file his briefs. The briefs were filed on that day, which was thirty-six days beyond the time allowed for taking an appeal. On April 14, appellee The Newtown Bank filed a confession of error, and on May 1, 1916, appellee Keller filed his motion to dismiss the appeal. On May 4, 1916, appellant, by written motion, asked leave to amend his original briefs, apparently to obviate the grounds of the motion to dismiss. The motion to dismiss alleges that: (1) No question is presented by the record and briefs of appellant; and (2) that appellant has recognized the validity of the judgment from which the appeal is prosecuted.

The suit was brought by appellant, as receiver of the Columbia Casualty Company, to replevin two certificates of bank deposits from appellee The Newtown Bank, each calling for $245, and numbered respectively 840 and 841. By intervening petitions appellee Keller and one W. E. Richards were admitted as parties to the suit and each set up his claim to ownership of one of the certificates. The bank made no claim of ownership but asserted a right of set-off against the Columbia Casualty Company.

Various issues were joined on the complaint, and on a cross-complaint by appellee Keller. On trial of the issues the court found that appellee Keller was the owner and entitled to possession of certificate No. 841; that Richards had no right, title or interest in or to either of the certificates; that appellee The Newtown Bank was entitled to certificate No. 840; that appellee Keller should have return of his certificate and judgment against the bank for the amount thereof and accrued interest. The judgment was in accord with the findings.

The errors assigned are: (1) The overruling of appellant's demurrer to the second paragraph of the reply of appellee Keller; and (2) the overruling of appellant's motion for a new trial. Other attempted assignments are shown but they consist simply of statements in different form of the second alleged error and of grounds for a new trial which cannot be assigned as independent error.

Appellee in his motion to dismiss alleges: (1) That no questions are presented because of failure to comply with the fifth clause of Rule 22 of this court, in this—that appellant has not set out in his briefs the demurrer or the memorandum accompanying the same on which he seeks to predicate error; also that in his points and authorities, under the second assignment of error, appellant has only stated general abstract propositions of law and has in no way indicated their relation or application to any question arising on the motion for a new trial; (2) that the evidence has not been

brought up on appeal and no question relating to or depending upon the evidence can be considered; (3) appellant has settled the controversy between himself and appellee The Newtown Bank by paying the judgment and thereby acknowledging its validity.

Appellant in his application to amend his briefs says the demurrer, memorandum, ruling of the court, and exceptions thereto were inadvertently omitted in the preparation of his briefs; that he was not aware of their omission until his attention was called thereto by appellee's motion and briefs to dismiss the appeal; that the omitted matter is shown by the record, is material and necessary to the presentation of the error in overruling the demurrer, and he asks that he now be permitted to supply it by so amending his briefs as to include the same.

Within the time allowed or granted by the court for the filing of briefs an appellant will be permitted to file amended briefs, or to make any reasonable amendments to those which he may have placed on file before the expiration of such time, but in either instance he should give notice to the opposite party and obtain leave of the court. If the time allowed or granted for the filing of briefs has expired, and the appellant thereafter seeks to amend his briefs, he may in certain contingencies obtain leave of court to do so. If the briefs he has filed show substantial compliance with the rules and duly present some question or questions, on proper showing, after notice to the opposite party, the court will permit any reasonable amendment of the briefs necessary to fully present the merits of the appeal, subject to such orders as to the payment of costs as the court may deem just and equitable, and the court usually taxes the costs occasioned by such amendment to the party making the same. If the briefs filed by the appellant, when fairly and liberally construed, under the rules of the court, fail to duly present any question relating to the merits of

the appeal, he will not be permitted to amend the same after the time for filing his briefs and also the time for taking an appeal has expired, ''except in cases where the excuse or reason for the necessity for the amendment resulted from the acts or conduct of the appellee, or from some cause for which appellant was in no way to blame.'' Our examination of appellant's briefs and the motion convinces us that appellant has wholly failed to present any question under the rules promulgated and enforced by our Supreme Court and by this court.

Appellee has made a timely presentation of his motion to dismiss and is asserting his right to an enforcement of the rules by a dismissal of the appeal or an affirmance of the judgment. The record and the briefs support appellee in his contentions. The rules of the court have the force and effect of law, binding alike upon litigants and the court. When a party duly asserts a right under the rules and shows himself clearly entitled thereto, it becomes the duty of the court to grant him the relief to which he is entitled. We therefore conclude that no question is duly presented and that appellant on the showing made in the case should not now be permitted to amend his briefs as prayed. For this reason it is not necessary to consider the question of the effect of the alleged settlement with appellee The Newtown Bank. As supporting our conclusion on the several points involved we cite the following: *Steel* v. *Yoder* (1914), 58 Ind. App. 633, 635, 108 N. E. 783; *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 701, 703, 108 N. E. 160; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218; *Harrold* v. *Whistler* (1915), 60 Ind. App. 504, 111 N. E. 79; *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 672, 103 N. E. 481; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *Hinton* v. *Falls City, etc., Loan Assn.* (1915), 60 Ind. App. 470, 111 N. E. 20; *Continental Nat. Bank* v. *McClure* (1915), 60 Ind. App. 553, 111 N. E.

191; *Goodman* v. *Bauer* (1915), 60 Ind. App. 671, 111 N. E.
315; *Beard* v. *Hosier* (1914), 58 Ind. App. 14, 107 N. E. 558.
Appeal dismissed.

NOTE.—Reported in 114 N. E. 97.