HAROLD H. SCOTT *v.* JAMES EUGENE NABOURS.

[No. 3-173A8. Filed May 24, 1973.]

*Orville W. Nichols, Jr., Charles W. Weaver, Nichols & Nichols,* of Knox, for appellant.

*Tom F. Hirschauer, Miller, Tolbert, Hirschauer & Wildman,* of Logansport, for appellee.

SHARP, J.—This is an automobile accident negligence case which contains one essential issue. The Plaintiff-Appellant, Harold H. Scott, alleges that he was injured in an automobile collision in Indianapolis, Indiana on June 22, 1969 as a result of the negligence of the Defendant-Appellee, James Eugene Nabours. The case was tried in the Pulaski Circuit Court resulting in a verdict for the Appellant Scott in the sum of $3000.00.

It should be noted that Appellant has not challenged the verdict as being inadequate. The Appellant asserts only a single error of law in the giving, over objection, of Appellee's Instruction Number 9 which stated:

"I now instruct you that one of the claims of plaintiff's damages is that his earning capacity has been impaired.

I now instruct you that there is no evidence in this case from which you can assess any damages for the plaintiff on the basis of impaired earning capacity."

The specific objection to Instruction Number 9 was:

"The Plaintiff objects to the Court's giving Defendant's tendered instruction No. 9, which withdraws from the juror the consideration of the Plaintiff's damage to his earning capacity. The evidence in this case is that as a result of the impingement on the nerves in his neck he has a reduction in strength in his right hand, that he has an inability to climb, which is required in his work, that he has—that his co-workers have testified that his ability

to work has been impaired by the injuries that he has suffered in this accident, and the mere fact that he is now making more in the same job than he was at the time of the collision does not mean that his earning capacity has not been impaired, since it is also in evidence that the company became unionized and he probably is subject to longevity—the evidence is that his capacity—strength—has been reduced and Instruction No. 9 takes this consideration away from the Jury."

The court also gave, without objection, Instruction Number 19 which stated:

"If you find for the plaintiff on the question of liability, you then must determine the amount of money which will fairly compensate the plaintiff for those elements of damage which were proved by the evidence to have resulted from the negligence of the defendant. You should consider:

1. The nature and extent of the injuries.

2. Whether the injuries are temporary or permanent.

3. The physical pain and mental suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

4. The value of lost time, earnings, salaries, and loss or impairment of earning capacity.

5. The reasonable expense of necessary medical care, treatment and services and the reasonable expense of future medical care, treatment and services.

6. Disfigurement and/or deformity resulting from the injuries.

At this time the plaintiff has a life expectancy of 17.05 years.

You are to determine whether these elements of damages have been proved by a consideration of the evidence relating to damages. Your verdict must be based on that evidence and not on guess or speculation.

Further, if you find for the plaintiff on the question of liability, it has been stipulated by the parties that damage to the plaintiff's automobile is in the sum of $1750.00."

The issue of permanent injury was submitted to the jury since there was conflicting evidence from both lay and expert witnesses on that subject.

We must here decide whether there was any evidence or evidence from which a reasonable inference could be drawn to

permit the jury to consider the additional issue of impaired earning capacity. Appellant had worked for Tube, Inc. since 1965. During the week after the accident he noticed his upper back was sore and "puffy" and he visited a chiropractor for treatment and was still under the latter's treatment at the time of trial in August 1972. He testified to pain in his right elbow, right hand and neck. He also had intermittent headaches about once per week and claimed pain from neck movement. He also claimed there was loss of strength in his hands and arms which limited climbing and lifting. He also testified that his job required climbing and lifting in maintenance and mechnical work on machines, electrical work and pipe fitting. Scott testified he was given light work because of his condition and worked even when not feeling well. He was occasionally late for work and in the three years between accident and trial he missed about a week's work. At the time of the accident he was earning $3.42 per hour and at the time of the trial $3.88 per hour. In the interim there was a new union contract at his place of employment. Appellant's complaints were confirmed by his wife and one co-worker.

The treating chiropractor diagnosed his condition as severe whiplash which severely aggravated a pre-existing arthritic condition. He testified that the accident caused nerve pressure, a kyposis of the spine, and an osteophythic damage consisting of calcification occurring from traumatic compression. He also testified that the injuries described were permanent. The treating chiropractor gave no testimony relating any of the described conditions to impaired earning capacity.

Indiana recognizes that a proper element of damage is the impairment of earning capacity which means the impairment of ability to engage in one's vocation as distinguished from loss of earnings. The concept of impaired earning capacity involves more than mere proof of permanent injury and pain. There must be evidence of probative value which relates the injury to an inability to engage in

one's vocation. Like other damage issues this issue may be proven by both expert and non-expert testimony. The gist of the concept is the adverse effect on vocation. The basic measure of damages for impairment of lost earning capacity is the difference between the amount which the plaintiff was capable of earning before the injury and the amount which he is capable of earning thereafter.

> If there is no evidence to establish the loss of earning capacity, there can be no recovery on that issue. *Holcomb* v. *Norman* (1910), 47 Ind. App. 87, 91 N.E. 625.

The general rules on this subject have recently been well summarized in 18 A. L. R. 3d 88, 97:

> "As in the case of tort damages generally, damages for impairment of earning capacity cannot be recovered in a personal injury action where there is no evidence of such impairment or no evidence from which damages therefor can be calculated. Although the evidence need not show conclusively or with absolute certainty that earning capacity has been impaired, mere conjecture or speculation does not warrant an award of damages therefor in personal injury actions. * * * Accordingly, most courts hold that in order to warrant a recovery for impairment of earning capacity in personal injury actions, the impairment of earning capacity must be shown with reasonable certainty or reasonable probability, and there must be evidence which will permit the jury to arrive at a pecuniary value of the loss." See also, 22 Am. Jur. 2d, Damages, § 298 and 25A C.J.S., Damages, § 162.

> It is also elementary that the jury cannot be left to speculate and conjecture where there is no probative evidence of earning capacity. *Harms* v. *Ridgeway* (1954), 245 Ia. 810, 64 N.W.2d 286.

In this case the Appellant's evidence did not make the necessary final step to relate the Appellant's condition to an impaired vocational potential. The Appellant's evidence would not permit the jury to draw such inferences on that subject. Therefore, it was permissible for the trial court to withdraw that issue from the jury.

There being no reversible error, the decision of the trial court is affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 296 N.E.2d 438.