Barbara **CRENSHAW, Personal Representative of the Estate of George Crenshaw, Appellant,**

v.

Peter J. **McMINDS, Appellee.**

No. 4–682A135.

Court of Appeals of Indiana, Third District.

Nov. 21, 1983.

Rehearing Denied Jan. 20, 1984.

Rodney H. Grove, Evansville, Charles W. Edwards, Spencer, for appellant.

William H. Kelley, William K. Steger, Bunger, Harrell & Robertson, Bloomington, for appellee.

GARRARD, Judge.

This wrongful death action concerned a collision between a motorcycle and a pick-up truck near Paoli, Indiana on June 26, 1979. The plaintiff's husband was riding eastbound on Highway 150 while the defendant McMinds was driving west. At the point where Highway 150 and Willow Creek Road junction, the highway crests a small hill and, also, crosses a railroad track.

When McMinds arrived at this intersection he slowed his truck and made a left turn onto Willow Creek Road. Crenshaw's motorcycle struck the truck in the area of the passenger door as the truck crossed the eastbound lane. McMinds testified that he failed to see the motorcycle before the collision. His wife, who was a passenger in the pick-up truck, testified that she did not see the motorcycle until an instant before the collision. Crenshaw died as a result of the injuries received.

The case was tried by jury and a verdict was returned for the defendant. Judgment was entered on the verdict and Crenshaw appeals. We consider only the following assigned error.

During the trial McMinds introduced in evidence over objection the fact that

George Crenshaw, the decedent, had been convicted of a felony in 1959. The evidence was proffered and admitted for the limited purpose of reflecting upon the plaintiff's claim for loss of future earnings as a part of her damage claim. We find admission of this evidence was reversible error over Crenshaw's objection that it was irrelevant and highly prejudicial. We reach this conclusion because, contrary to McMinds' assertion, the fact that Crenshaw had been convicted of a felony was not relevant to any fact in issue in the litigation.

McMinds urges us that the plaintiff put the issue of future earnings into the case and that showing the felony conviction was relevant in determining the decedent's future employability and the likelihood that he would have had earnings. The argument misperceives the damage element in plaintiff's claim.

It is not the actual lost future earnings that constitutes the damage element which plaintiff put in issue, and in the event of a finding of liability, would have been entitled to recover through the jury. It is rather the loss of earning *capacity* that is the proper element of damages.[1] *State v. Totty* (1981), Ind.App., 423 N.E.2d 637; *Stauffer v. Lothamer* (1981), Ind.App., 419 N.E.2d 203; *Duchane v. Johnson* (1980), Ind.App., 400 N.E.2d 193; *Barker v. Cole* (1979), Ind.App., 396 N.E.2d 964, 16 A.L.R. 4th 223; *Rieth-Riley Construction Co., Inc. v. McCarrell* (1975), 163 Ind.App. 613, 325 N.E.2d 844; *Scott v. Nabours* (1973), 156 Ind.App. 317, 296 N.E.2d 438.

As the court stated in *Scott, supra:*

"Indiana recognizes that a proper element of damage is the impairment of earning capacity which means the impairment of ability to engage in one's vocation as distinguished from loss of earnings.... The gist of the concept is the adverse effect on vocation. The basic measure of damages for impairment of lost earning capacity is the difference between the amount which the plaintiff

was capable of earning before the injury and the amount which he is capable of earning thereafter."

Thus, for example, the fact that the plaintiff was unemployed at the time of the injury will not preclude him from being entitled to recover for his loss of future earning capacity. *Rieth-Riley, supra.*

The proffered evidence had no relevance in determining George Crenshaw's earning capacity. It was highly prejudicial and the potential prejudice was not limited to the damages issue so that we might consider the error harmless. McMinds urges that Mrs. Crenshaw opened the door for the evidence by her own testimony. Reference to the cited portion of the transcript discloses that the testimony in question was produced by McMinds' own cross-examination. McMinds cannot inject the issue on cross-examination and then contend the witness opened the door. Furthermore, we do not believe the evidence was merely cumulative.

We find the court committed prejudicial error in admitting the evidence of Crenshaw's 1959 felony conviction. Accordingly, we reverse the judgment and remand for a new trial.

Reversed and remanded.

HOFFMAN, P.J., and STATON, J., concur.

---

1. Even where the concern is earnings lost between the date of injury and the date of trial, the damage element is loss of time, rather than actual wages. *Rieth-Riley Construction Co., Inc. v. McCarrell* (1975), 163 Ind.App. 613, 325 N.E.2d 844, 848.