GRIEGER, GUARDIAN, *v.* CARLSON, TREASURER, ET AL.

[No. 12,721. Filed July 1, 1927.]

1. QUIETING TITLE.—*Effect of quieting title against "all the world."*—A demurrer was properly sustained to a complaint seeking to enjoin a town treasurer and other officers from selling certain real estate to satisfy the lien of an assessment on the property for a sewer and street improvement, where the complaint merely alleged that the plaintiff, having received a tax deed for the property, thereafter quieted her title thereto against the "town of Knox and all the world," there being no allegation that the contractor for the improvement or the holder of the lien created by the assessment was made a defendant to the suit to quiet title, the allegation that she had quieted her title as against "all the world" being of no effect. p. 331.

2. INJUNCTION.—*Complaint to enjoin sale of property to satisfy street improvement assessment.*—A demurrer to a complaint seeking to enjoin a town treasurer and other public officers from selling certain real estate to satisfy a street improvement assessment lien was properly sustained where it contained no allegation that the street assessment and the bonds issued therefor were not legal or that the amount due and owing on the assessment had ever been paid. p. 331.

From Starke Circuit Court; *Smith N. Stevens*, Special Judge.

Suit by Isabelle Grieger, guardian, against Albert Carlson, treasurer, and others. From a judgment for defendants on a demurrer to the complaint, the plaintiff appeals. *Affirmed.* By the court in banc.

*William J. Reed,* for appellant.

*Charles S. Lundin* and *James C. Fletcher,* for appellees.

McMahan, J.—Appellant filed her complaint against the treasurer and auditor of Starke county, and the treasurer of the town of Knox, to enjoin them from selling certain real estate situated in the town of Knox to satisfy the lien of an assessment on the property for a sewer and street improvement. Appellee Starke County Trust and Savings Bank filed a petition showing that bonds had been issued to the contractor covering the assessment on the real estate in question; that it was the owner and holder of such bonds and asked that it be made a party defendant. This motion was sustained, after which the bank filed a demurrer to the amended complaint. This demurrer was sustained and, appellant refusing to plead further, there was a judgment that she take nothing.

The error assigned relates to the action of the court in sustaining the demurrer to the amended complaint. The complaint alleges that the real estate in question was duly sold by the treasurer and auditor of the county in February, 1919, for delinquent county and state taxes; that the property was not redeemed from such sale and that in March, 1921, the county auditor executed and delivered to appellant a tax deed for the property, based upon said tax sale. It is also alleged that, after receiving such deed, appellant filed a complaint in the circuit court of Starke county to quiet her title to the real estate making the town of Knox, and certain named persons, not including the above named defendants, and "all the world and all interested" persons defendants; that in November, 1921, she obtained a decree in that action quieting her title to the real estate as against the "town of Knox and all the world"; that the treasurer of said town has caused said assessment for sewer and street improvement to be placed on the tax duplicate of the county and that the auditor and treasurer of the county are threatening to and will sell

the real estate to satisfy said assessment lien if not enjoined, and asking that they be enjoined from making such sale.

There is no allegation in the complaint that the contractor or holder of the bonds issued on account of the street improvement was a party to the action 1, 2. brought by appellant to quiet title. Nor are any facts alleged showing the court had jurisdiction over the holder of the lien created by such assessment. If the contractor making the improvement, and in whose favor the lien existed (if there was no record showing who owned the bonds), had been made a defendant in the suit to quiet title, there might be some merit in appellant's contention that the property is not now subject to sale for the purpose of satisfying the street assessment lien. The allegation to the effect that appellant quieted her title as against "all the world" is of no avail. See *Bastin* v. *Myers* (1924), 82 Ind. App. 325, 144 N. E. 429. There is no allegation in the complaint that the street assessment and the bonds issued therefor are not legal, or that the lien of such assessment is illegal or that the amount due and owing on the assessment has ever been paid.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed.

Dausman, J., absent.