KUBISIAK *v.* KUBISIAK ET AL.

[No. 16,431. Filed February 13, 1941.]

*Olczak & Olczak,* of South Bend, for appellant.

*Seebirt, Oare & Deahl,* and *Joseph V. Wypiszynski,* all of South Bend for appellees.

BRIDWELL, J.—Appellee, Leo Kubisiak, instituted this action against appellant, Michael Kubisiak, and the appellees, Helen Kubisiak and Donald Jester, Administrator of the estate of Stanley Kubisiak, to quiet his title to certain real estate described in his complaint and situate in the city of South Bend, Indiana. Appellant filed answer to the complaint in two paragraphs, the first paragraph in general denial. The second alleged in substance that there was never delivered to the plaintiff a muniment of title to the real estate described in his complaint. In addition to these paragraphs of answer, he filed what is denominated as a "set off," and also filed a cross-complaint against the appellee, Leo Kubisiak, asserting ownership of the same real estate described in the complaint, seeking to quiet his title thereto. Appellee, Helen Kubisiak, filed an answer disclaiming any interest in the real estate involved. Appellee, Donald Jester, Administrator, filed answer in general denial to the complaint. The issues

were closed by the filing of a general denial to the affirmative paragraphs of answer and to the cross-complaint. The cause was tried by jury, which returned the following verdict: "We, the jury, find for the plaintiff and find that he is the owner in fee simple of the land in controversy, and that the defendant take nothing by his suit." Judgment in accordance with the verdict was rendered. Appellant duly filed his motion for a new trial, which was overruled and this appeal followed.

Appellant's assignments of errors consist of six specifications of error, the first five of which relate to alleged errors which would have to be presented through the medium of a motion for a new trial, as all are claimed errors in connection with rulings made by the court in excluding evidence offered, in overruling a motion for a directed verdict and in the giving or refusal to give certain instructions. The sixth error assigned is the overruling of the motion for a new trial.

The motion for a new trial asserts eleven causes therefor, the first cause being that the verdict of the jury is not sustained by sufficient evidence; the second that said verdict is contrary to law; the third to the seventh, inclusive, allege error in relation to the rulings of the court in connection with the exclusion of evidence; the eighth, ninth and tenth to the giving or refusal to give certain designated instructions, and the eleventh in refusing to submit to the jury interrogatories numbered 2, 3, 4, 5 and 6 requested by appellant.

Appellee challenges the sufficiency of appellant's brief to present any question for review in that there is a failure to comply with the rules of the Court for the briefing of causes pending on appeal. It is earnestly insisted that no question is presented

and that the judgment should therefore be affirmed. Our attention is called to many claimed defects in said brief, but all of them need not be considered and some of the contentions made we deem untenable. However, the principle contention should be sustained.

Only one error is properly assigned—the overruling of appellant's motion for a new trial. In attempting to present this error appellant has not complied with clause 6, Rule 18 of the rules in force when the appeal was taken (Revised Rules of the Supreme and Appellate Courts of Indiana, adopted June 21, 1937), nor does it appear that there is a substantial compliance therewith. In his presentation of error No. 6, appellant has made no mention whatever of any error assigned as a cause for a new trial numbered as in the motion. Six "Points" are stated but none of them make reference either specifically or generally to any designated cause for a new trial. The first five are abstract statements of law, the sixth merely asserts that the court erred in refusing to submit to the jury certain numbered interrogatories as requested.

The rule in question requires that "the briefs shall contain under the heading 'Propositions and Authorities' a copy of each assigned error relied on designated by number as in the original assignment of error, and in case the error assigned is the overruling of a motion for a new trial, *then the causes relied upon numbered as in the motion.* . . . Assigned errors not treated as herein directed shall be deemed as *waived.*"

For cases bearing on the question as to when claimed errors are presented for review see *State ex rel.* v. *Hinds, Trustee* (1929), 200 Ind. 613, 165 N. E. 754; *Jones* v. *Moise* (1937), 104 Ind. App. 390, 8 N. E. (2d) 99.

In cause No. 27490, decided January 20, 1941, entitled *James C. Curtis & Co.* v. *Emmerling,* our Supreme Court said: "The rules of this court have the force ▪ and effect of statutes and are binding alike on the parties and the court." 218 Ind. —, 31 N. E. (2d) 57. See also *Jones* v. *Moise, supra.*

No reversible error having been presented, the judgment is affirmed.

NOTE.—Reported in 31 N. E. (2d) 656.