HILLYER, ADMINISTRATOR *v.* BOYD ET AL.

[No. 16,378.   Filed March 3, 1941.]

*Robert H. McKinney* and *Arista T. Livengood,* both of Covington, for appellant.

*Lee Whitehall,* of Attica, for appellees.

BRIDWELL, J.—George W. Harris, now deceased, was on the 17th day of October, 1934, the owner of certain real estate situate in the town of Rob Roy in Fountain County, Indiana. On that date, he conveyed said real estate to the appellee Anna Kight by warranty deed. He died October 2, 1935, and thereafter on January 29, 1937, John C. Hillyer was apointed as administrator of his estate. On May 4, 1937, appellees, Winnie Boyd, Mary Starkey, George W. Harris, Jr., and Arthur C. Harris, instituted an action against appellees, Anna Kight and James Harris, and the appellant to set aside the deed heretofore mentioned for alleged fraud in its

procurement. A motion for a change of venue from the county was duly filed; and, by agreement of the parties, the cause was venued to Warren County. While the cause was pending in the Warren Circuit Court, appellant filed his cross-complaint against the appellees, who constituted the sole heirs of the deceased and their respective wives or husbands. The cross-complaint alleges in substance, among other things, that no personal estate of any kind or description belonging to the defendant at his death "has come to the plaintiff's (appellant's) knowledge or possession;" that claims have been filed and allowed against the estate amounting to $297.92; and that there are other claims filed and pending; that the defendant in 1934, was seized in fee simple of certain real estate specifically described in said cross-complaint, which he in said month of October, 1934, conveyed to Anna Kight without consideration and for the purpose of defrauding his then existing creditors; that said conveyance was accepted by Anna Kight with full knowledge of the intention of the decedent and with the purpose and intent of aiding and abetting him in his fraudulent design; that from the date of said conveyance the said George W. Harris was and continuously remained wholly insolvent. The cross-complaint prayed that said deed to Anna Kight be annulled, set aside, and declared fraudulent; that the real estate described therein be decreed liable for the payment of the debts of the estate, and that an order authorizing its sale for that purpose be granted.

The issues on the cross-complaint were closed by the filing of answers of general denial thereto by Winnie Boyd, Mary Starkey, Anna Kight and their respective husbands. All other defendants were duly defaulted.

On May 2, 1938, the date fixed for trial, the plaintiffs, Winnie Boyd, et al., dismissed the complaint filed by

them against Anna Kight, et al., leaving for trial and decision the issues formed on the cross-complaint.

The cause was submitted to the court and upon proper request thereof the court in due course made its special finding of facts and stated conclusions of law thereon. Both were adverse to appellant and he duly excepted to each of the conclusions of law. Judgment, in accordance with the decision and conclusions of law, was rendered. Thereafter, appellant filed his motion for new trial, asserting as causes why same should be granted: (1) That the decision of the court is not sustained by sufficient evidence; (2) that said decision is contrary to law. This motion was overruled. Appellant excepted, and this appeal followed. The errors assigned are that the court erred in each of its conclusions of law and in overruling the motion for a new trial.

In considering this appeal, we cannot ignore the fact to which our attention is directed by appellee that there has been an entire failure on the part of appellant in the preparation of his brief to comply with Clause 6 of Rule 18 of the Revised Rules of the Supreme and Appellate Courts of Indiana, adopted June 21, 1937, in force and effect when this appeal was taken. Under a heading in his brief, designated as "Points and Authorities," appellant has set forth twenty separately numbered abstract statements of principles or rules of law with authorities cited, but has not shown to which one, if any, of the errors alleged in his assignment of error he deems any one of them applicable. No reference is made to any assigned error and there is a total failure to comply with Rule 18, *supra,* in this respect. This rule requires that appellant's brief "shall contain under the heading 'Propositions and Authorities' a copy of each assigned error

relied on designated by number as in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the causes relied upon numbered as in the motion. Each assignment shall be supported by separately numbered propositions concisely stated without argument, . . ." The rule further provides "that assigned errors not treated as herein directed shall be deemed waived."

It is the policy of this court to determine causes pending before it upon the merits where it appears from the briefs that a good-faith effort to comply with the rules has been made and that there has been a substantial compliance therewith. In the instant case, however, it cannot be truthfully said that any effort whatever has been made to comply with that part of Rule 18 quoted above. Therefore, all assigned errors must be deemed waived.

In *Jones* v. *Moise* (1937), 104 Ind. App. 390, 8 N. E. (2d) 99, this court had before it for consideration a rule similar to the one here involved and it was then held that where there was a failure to comply or to make a good-faith effort to comply and no substantial compliance with the rule, no question for decision was presented for review.

Our Supreme Court in dismissing an appeal pending therein recently said, "The Rules of this court have the force of statute and are binding alike on the parties and the court." *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. (2d) 57, 31 N. E. (2d) 986. See also *Jones* v. *Moise, supra,* and cases therein cited.

No reversible error having been presented, the judgment is affirmed.

NOTE.—Reported in 32 N. E. (2d) 93.