UNION INSURANCE COMPANY OF INDIANA *v.* GLOVER

[No. 16,600.   Filed June 24, 1941.]

*Patrick J. Fisher,* of Indianapolis, for appellant.

*Fred E. Shick* and *John K. Rickles,* both of Indianapolis, for appellee.

BLESSING, C. J.—Appellee, Rufus Glover, instituted this action against the appellant, Union Insurance Company, to recover for the loss by theft and fire of an automobile, upon which the appellant had issued a policy of insurance covering such types of loss. The cause was submitted to the court, and, upon proper request thereof, the court made its special finding of facts and stated its conclusions of law thereon in favor of appellee. Appellant did not except to the conclusions of law. Judgment was then rendered against appellant in the amount of one thousand one hundred seventy-four dollars and sixty-seven cents ($1174.67). Thereafter appellant filed its motion for a new trial, which contained the following specifications:

1. The decision of the court is not sustained by sufficient evidence;

2. The decision of the court is contrary to law;

3. The court committed error in the assessment of the amount of recovery in that it was too large;

4. The court committed an error of law at the trial, which was excepted to by the defendant, in that it admitted in evidence the cross-complaint of the Midland Acceptance Corporation in the case of Rufus Glover v. Updyke Auto Co., Inc., et al., to which this defendant was not a party.

The overruling of this motion is the only error assigned on this appeal.

Appellee challenges the sufficiency of appellant's brief to present any question for review in that there is a failure to comply with the rules of the court for the briefing of causes pending on appeal. The attention of

the court is called to many claimed defects in the brief of appellant, but only two of said defects need be considered.

Appellant's brief fails to show that any time was given by the trial court in which to file a bill of exceptions containing the evidence and the ruling of the trial court or that any bill of exceptions was ever filed or made a part of the record. The only questions which appellant attempts to present, pertain to the evidence, which, without the bill of exceptions, cannot be considered. In such a state of the record, no question is presented to the court for consideration. *Clemens* v. *Stoner, Exr.* (1920), 73 Ind. App. 370, 126 N. E. 486; *Skora* v. *Skora* (1930), 91 Ind. App. 287, 169 N. E. 532; *Stirn* v. *Vohland,* 102 Ind. App. 216, 1 N. E. (2d) 654.

The appellant claims that the finding of the court is not sustained by sufficient evidence and is contrary to law. Rule 18, clause 5, of the 1937 Revised Rules of the Supreme and Appellate Courts of Indiana, provides that the brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding of fact or law is assigned, the statement shall contain a condensed recital of the evidence, in narrative form, so as to present the substance clearly and concisely.

The evidence in this case comprises eighty-nine (89) pages of the record and appellant has attempted to set out such evidence in narrative form in three (3) pages of his brief. The recital contains many conclusions of appellant, and no reference (except one referring to one of ten stipulations), is made to the page or line where such evidence may be found.

Neither does the appellant set out in its brief the cross-complaint on which the fourth specification in its motion for a new trial is predicated. This is not such a condensed recital as the rules require, and thus the court cannot consider any question as to the sufficiency of the evidence.

In *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 175, 31 N. E. (2d) 57, 31 N. E. (2d) 986, our Supreme Court said: "The rules of this court have the force of statutes and are binding alike on the parties and the court."

No question having been presented for our consideration, judgment is hereby affirmed.

NOTE.—Reported in 34 N. E. (2d) 934.