HECKMAN *v.* HOWARD ET AL.

[No. 16,826.  Filed October 22, 1941.]

*George A. Hofmann,* of Indianapolis, for appellant.

*Albert E. Schmollinger,* of Indianapolis, and *Thomas O. Beck,* of Lebanon, for appellees.

BLESSING, C. J.—The appellant (plaintiff below) instituted this action against the appellees (defendants below) to set aside a deed and for an accounting. The appellees answered appellant's complaint by a general denial and filed two paragraphs of cross-complaint, one to quiet title and the other paragraph in ejection, to which paragraphs the appellant filed answer in general denial. The cause was tried to the court without a jury, and judgment was rendered against the appellant on the complaint and in favor of the appellees upon the cross-complaint. Within due time, the appellant filed her motion for new trial. The overruling of this motion for new trial constitutes the only error assigned to this court, and the specifications therein are:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

3. The decision of the court is contrary to law, and evidence.

The appellees in their motion to dismiss this appeal challenge the sufficiency of appellant's brief to present any question for review in that there is a failure to comply with the rules of this court for the briefing of causes pending on appeal. The attention of the court is called to many claimed defects in the brief of the appellant, but only two of them need consideration.

Appellant's brief fails to show that any time was given by the trial court in which to file a bill of excep-

tions containing the evidence and the rulings of the trial court, or that any bill of exceptions was ever filed or made a part of the record. The only questions the appellant could present under the assignment of error pertain to the evidence, which, without a bill of exceptions, cannot be considered. In such a state of the record, no question is presented to this court for consideration. *Clemens* v. *Stoner, Exr.* (1920), 73 Ind. App. 370, 126 N. E. 487; *Skora* v. *Skora* (1930), 91 Ind. App. 287, 169 N. E. 532; *Stirn* v. *Vohland* (1936), 102 Ind. App. 216, 1 N. E. (2d) 654; *Union Insurance Company of Indiana* v. *Glover* (1941), *ante* p. 315, 34 N. E. (2d) 934.

Appellant's brief sets out certain parts of the record, following which the evidence is set out in question and answer form. The next and concluding part of the brief is the argument of counsel on behalf of appellant.

Rule 2-17 (f), page 10 of the Rules of the Supreme Court (1940), requires in part that:

"(f) The briefs shall contain under the heading, 'Propositions and Authorities,' a copy of each assigned error relied on, designated by number as in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the causes relied upon shall be numbered as in the motion. Each assignment shall be supported by separately numbered propositions, concisely stating the basis of the objection to the ruling complained of. Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof. Assigned error which is not set out in this part of the brief and supported by propositions, points, and authorities will not be considered."

In the case of *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. (2d) 57, our Supreme Court said: "The rules of this court have the force of statutes and are binding alike on the parties and the court."

By reason of appellant's failure to present any question for review by this court, an affirmance of the judgment is required and it is so ordered.

NOTE.—Reported in 36 N. E. (2d) 957.