BLAKE *v.* STATE OF INDIANA

[No. 17,076. Filed May 11, 1943. Rehearing denied June 11, 1943. Transfer denied September 21, 1943.]

*Hayden C. Covington,* of Brooklyn, New York, and *Oliver A. Switzer,* of South Bend, for appellant.

*George N. Beamer,* Attorney General, *Norman E. Duke* and *Walter O. Lewis,* Deputy Attorneys General, for the State.

BLESSING, C. J.—On February 1, 1943, this court filed its opinion in the above entitled cause. Upon a rehearing of this appeal, that decision is recalled, and the following opinion is substituted in lieu thereof.

The appellant, Mrs. Hiram Blake, was charged with having contributed to the delinquency of certain of her minor children. She pleaded not guilty, and the cause was tried to the judge of the Superior Court of LaPorte County. On August 8, 1942, the court made a finding of guilty, and sentenced appellant to thirty days in the county jail. Said sentence was suspended if appellant returned her children to school with instructions to them to comply with the rules and regulations of said school.

Appellant filed her motion for new trial on the 8th day of September, 1942. Thereafter, on the 16th day of September, 1942, the court revoked the suspension of the sentence, and also filed a special finding of facts. The court also overruled appellant's motion for new trial on September 16, 1942. Appellant then appealed to this court, assigning as error the overruling of said motion for new trial.

Section 9-2858, Burns' 1942 Replacement provides

that on appeal from a judgment of a juvenile court "An assignment of error that the decision of the ▮ juvenile court is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the findings."

This court has held that the assignment "that the decision of the (juvenile) court is contrary to law" is the only assignment of error allowed by the statute regulating such appeals. *Alvey* v. *State* (1936), 101 Ind. App. 391, 199 N. E. 432; *Parker* v. *State* (1917), 63 Ind. App. 671, 113 N. E. 763; *Heber* v. *Drake* (1918), 68 Ind. App. 448, 118 N. E. 864. Therefore, appellant's assignment that the court erred in overruling said appellant's motion for new trial presented no question for the consideration of this court.

However, on February 22, 1943, appellant filed what is termed an amended assignment of errors, averring that the decision and final judgment of the ▮▮ Juvenile Court is contrary to law, and that the Juvenile Court committed error in overruling appellant's motion for new trial.

Rule 2-6, 1940 Revision of the Rules of the Supreme and Appellate Courts provides as follows:

"Amendments of the assignment of errors shall not be made after the cause is submitted, except upon notice and leave applied for in writing, nor shall leave be granted unless it appear that due care and diligence was exercised in the first instance to make the assignment complete."

In the instant case, appellant did not file a written petition to amend her assignment of errors, nor did she ever obtain the permission of this court to amend said assignment of errors.
and are binding alike on the parties and the court."
"The rules of this court have the force of statutes

*James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. (2d) 57, 986. Therefore, since appellant did not comply with Rule 2-6, her amended assignment of errors is a nullity.

No question having been presented to this court, the judgment is hereby affirmed.

NOTE.—Reported in 48 N. E. (2d) 651.