GUTHRIE *v.* BLAKELY ET AL.

[No. 18,705. Filed November 17, 1955. Rehearing denied January 19, 1956. Transfer denied December 21, 1956.]

120

*Frederick K. Baer,* and *Thomas H. Fisher,* of South Bend, for appellant.

*Glen J. Oare* and *Seebirt, Oare & Deahl,* of South Bend, for appellees, Catherine Delores Blakely and Lucius M. Wagner.

ROYSE, J.—This case was originally appealed to the Supreme Court on the theory it was an appeal from an interlocutory decree denying appellant a temporary

injunction. That court, in an opinion (125 N. E. 2d 437) held this action was an action to quiet title; that the pleadings placed in issue the merits of appellant's case in chief. "The 'take nothing' judgment denied appellant any relief whatsoever". In transferring the case to us the Supreme Court rejected the contention of appellees that this was not a final judgment.

The real questions presented by this appeal are, the rulings of the trial court in overruling the demurrer of appellant to the answer of appellees, and error of the trial court in sustaining appellees' demurrer to the reply of appellant to said answer.

Appellees at the outstart contend appellant's brief presents no question because, they assert, they have not set out in their brief certain exhibits which are necessary to fully present a question here. Our examination of appellant's brief discloses there is no merit to this contention.

The pleadings of the parties in this case take up more than three hundred thirty printed pages of appellant's brief. We deem it necessary only to generally summarize the substance of those which relate to the questions presented herein.

In the argument portion of her brief appellant accurately summarizes the fifteen paragraphs of her third amended and supplemental complaint as follows: (Hereinafter referred to as the complaint).

> The "complaint shows that on May 26 and 27, 1921 John C. Barrett purchased from the then owners the real estate involved in this action under two written purchase contracts attached as Exhibits 1 and 2 to the Complaint. Under these purchase contracts, the then owners of the real estate agreed to sell and convey the same to Barrett as purchaser, who agreed to purchase said real estate at the stipulated price. These purchase contracts were not option contracts, but contained covenants

for the purchase and sale of said real estate which were binding upon both sellers and purchaser.

"The purchase contracts provided that the purchaser, Barrett, should have possession of said real estate and pay the taxes, discharge all liens, and insure the improvements thereon after May 1, 1921. The purchase contracts further provided that the sellers had on the respective dates of said contracts executed their warranty deeds conveying said real estate to the purchaser, same to be deposited with American Trust Company, along with an executed copy of the purchase contracts, 'in escrow for the use of' the purchaser with directions to the escrowee to deliver said warranty deeds to the purchaser upon payment of the full amount of the purchase price. Time was not made the essence of the purchase contracts.

"Paragraphs One and Two of the Complaint alleged that the purchaser, Barrett, was placed in exclusive possession of said real estate on May 26 and 27, 1921, and remained in possession thereafter for nearly twenty (20) years; that said real estate was of special, peculiar and unique value to the purchaser for his use in conducting his hotel and tavern business thereon; that 'during the year 1940', the purchaser 'duly assigned and conveyed all of his interests' under said purchase contracts and 'all of his right, title and interest in and to said real estate' to appellant and 'placed her in exclusive possession thereof'; that appellant retained such possession 'down to the date of the filing of this action'; that in the years from 1923 to 1927 inclusive, the original sellers assigned and conveyed all of their interest in said real estate by general warranty deeds to American Trust Company, as trustee, 'in trust for the use and benefit' of the purchaser; that appellant 'thus became the complete equitable owner in fee simple of said real estate by virtue of said assignment and conveyance to her from her assignor and predecessor in interest, said John C. Barrett'; that appellant 'has never abandoned, transferred or conveyed her right, title and interest in and to said real estate and is now the equitable owner in fee simple thereof'; that the interest of the original owners under said purchase contracts devolved exclusively upon

appellees, Blakely and Wagner; that 'The present parties to this action comprise all of the persons having any right, title, interest or other claim in or to said real estate' or under said purchase contracts; *that the purchaser (Barrett) and appellant paid the full purchase price of said real estate and 'fully performed each and all of the other conditions, covenants and agreements which were required to be performed' on their part under said purchase contracts; that the sellers had therefore 'accepted and received during the period between the year 1921 and the filing of this action the full consideration to which they were entitled' under said purchase contracts;* that in the year 1945 and prior to the filing of this action, appellant demanded that said appellees, Blakely, Wagner and American Trust Company, as trustee, convey said real estate to appellant (except a part thereof previously conveyed to Barrett), the legal title to which 'was then vested in American Trust Company, as trustee, for the use and benefit' of appellant; that said appellees failed and refused so to do; and that appellant is entitled to specific performance and is without adequate remedy at law. Appellant prayed for a decree of specific performance and for a temporary and permanent injunction enjoining appellees from asserting any right, title or interest in or to said real estate (except the part previously conveyed to Barrett), and for general relief. . . .

"It was also alleged that appellant became sole owner of said real estate by virtue of the fact that John C. Barrett, the original purchaser, died unmarried and intestate on or about February 27, 1940; that American Trust Company was duly appointed the Administrator of his estate; that appellant is the only child and the sole heir-at-law, assignee, transferee and distributee entitled to all of his estate, real and personal, including his title to said real estate, and his interests under said purchase contracts; that American Trust Company, as Administrator, had completed and closed the administration of his estate and had been discharged; and that all of the real and personal property comprising said estate, including Barrett's title to said real estate and interest therein under said purchase contracts, and also his beneficial interest un-

der the escrow of the warranty deeds and trust of the legal title to said real estate of which American Trust Company was escrowee and trustee, passed by the operation of law to and vested exclusively in appellant as his sole heir-at-law". (Our emphasis).

Said complaint also sought damages for breach of the purchase contracts, for recovery of overpayments in the purchase price of said real estate, and for recovery of usury.

It is further disclosed by the complaint that, of the real estate involved in this action, at the time the original contract of sale and purchase was made four-fifths was then owned by Fred Wagner and Lucius M. Wagner, Eva B. Wagner and Katherine B. Wagner, and one-fifth was owned by Ada Wagner Powers.

Exhibit I is a contract of sale and purchase between the owners of the four-fifths interest to John C. Barrett, and provides for the payment to said owners by Barrett the sum of $140,000.00 over a period of fifteen years. The contract provided the sellers had executed their warranty deed to Barrett to be deposited with the American Trust Company together with a copy of the contract to be held in escrow by said Trust Company to be delivered by it to said Barrett when he had fulfilled his obligations under the contract.

Exhibit II is a similar contract between the owner of the one-fifth interest and said Barrett for the sale and purchase of said interest for the sum of $35,000.00. It is essentially the same as the above Exhibit I except as to the purchase price.

The parties are agreed that these exhibits are purchase contracts and not options to purchase.

To appellant's complaint appellees filed their answer in twenty paragraphs. The first fifteen paragraphs of said answer were of admission and denial under the rules.

Paragraph Sixteen avers, in substance, at the time of the death of John C. Barrett appellant was and ever since has been a resident of the State of Illinois; that at her request the American Trust Company was appointed administrator of the estate of John C. Barrett; that with the tacit consent of appellant and pursuant to orders made from time to time the Trust Company took possession of, managed and leased parts of the real estate described in appellant's Exhibits A and B (I and II) ; that the final report of said Trust Company as such administrator was approved on April 4, 1946 and said administrator was discharged and said judgment is now in full force and effect; that appellant had knowledge of the proceedings in said estate and made no objections to the possession of said real estate by said Trust Company and made no objection and filed no exception to said final report. No transcript of the foregoing probate proceedings is set out in said paragraph of answer.

Paragraph Seventeen of the answer avers, in substance, that on November 20, 1940 appellees and one Ada Wagner Thackery, now deceased, demanded that the Trust Company surrender possession of said real estate; that at said time the Trust Company had possession of said real estate as administrator of the Barrett estate and as Trustee for the benefit of said Barrett, his heirs and assigns, and as trustee for appellant who was a non-resident; that said Trust Company refused to surrender said real estate. These appellees and said Thackery commenced proceedings as Cause No. 61771 in the St. Joseph Superior Court Room 2 against said Trust Company as Administrator of the estate of John C. Barrett and as trustee for certain real estate; that in said cause the Trust Company in such capacities appeared and filed answers and a second amended cross-complaint; that on October 24, 1944, judgment was rendered against said Trust Company for the immediate

possession of said real estate and in obedience thereto it yielded to said parties said real estate and abandoned all claims thereto. This paragraph of answer then incorporates a transcript of those portions of the transcript in said Cause No. 61771 which appellees deem pertinent. The portion of this transcript takes up 106 printed pages of appellant's brief. At this point we deem it necessary only to set out the judgment in that case.

"And the court finds that the allegations of plaintiffs' Complaint and Supplemental Complaint are true, and that the plaintiffs Catherine Delores Blakely and Lucius M. Wagner are the owners and entitled to the immediate possession of the real estate described in plaintiffs' Complaint; and the court further finds that the defendants American Trust Company, as Administrator of the Estate of John Barrett, and American Trust Company, as Trustee of certain real estate, being the real estate hereinafter described, unlawfully hold possession of said described real estate and have unlawfully kept the plaintiffs out of the possession of same. It is, therefore, considered and adjudged by the Court that the plaintiffs are the owners in fee simple of the real estate described in the Complaint, which said real estate is located in the City of South Bend, County of St. Joseph, State of Indiana, to-wit:
. . .

"And it is, therefore, considered and adjudged by the Court that the plaintiffs recover of the defendants the possession of the said real estate.

"And the Court now finds against the cross-complaints American Trust Company, as Administrator of the Estate of John Barrett, and American Trust Company, as Trustee of certain real estate, on their Second Amended Cross-Complaint, and that the said cross-complainants take nothing on their Second Amended Cross-Complaint, and it is, therefore, considered and adjudged by the Court that the cross-complaints take nothing by their Second Amended Cross-Complaint.

"It is further considered and adjudged by the Court that the plaintiffs recover of and from the defendants American Trust Company, as Adminis-

trator of the estate of John Barrett and American Trust Company, as Trustee, their costs in this behalf paid, laid out and expenses, in the amount of $..........."

(Further on in this opinion we will have occasion to refer to some of the exhibits in that case.)

Paragraph Eighteen, by reference, incorporates twelve of the Exhibits in the transcript that is made a part of Paragraph Seventeen. It then avers that on October 23, 1923 Lucius M. Wagner, John C. Barrett and the American Trust Company executed an agreement for the sale from said Wagner to Barrett of one-fifth of said real estate; that on the 7th day of March, 1924 Catherine D. Wagner Blakely, John C. Barrett and the American Trust Company entered into a similar contract for one-fifth of said real estate. Each of these contracts provided that the sellers had by warranty deed conveyed all of their interest in said real estate to the Trust Company for the interests of the parties to said agreement as their interests may appear in accordance with the terms of the contracts.

It then avers that on June 9, 1925 Catherine Delores Blakely, Fred Wagner, Trustee, John C. Barrett, and the American Trust Company executed a further agreement in reference to this real estate. It was specifically provided in said agreement that if it is in conflict with the agreement of May 26, 1921, then the provisions of the 1921 contract shall prevail.

It is then averred that by reason of the contracts set out in this paragraph of complaint the contracts set out in appellant's complaint are no longer in force and effect.

Paragraph Nineteen of said answer incorporates by reference the allegations of paragraphs Seventeen and Eighteen of appellees' answer. It then avers that immediately after the commencement of said Cause No.

61771 appellant became informed through the Trust Company of the pendency of that action and she had at her service reputable and competent counsel and was informed of their progress and the termination of said cause; that appellant knew the estate of said Barrett was insolvent; that during all this time she abandoned said property and made no effort to obtain possession of the real estate involved, nor did she tender the Trust Company as Trustee the sums due under the contracts; nor make any effort to pay amounts due, etc.

Paragraph Twenty incorporates by reference the allegations of Paragraphs Seventeen and Eighteen. It then avers that subsequent to the judgment in Cause No. 61771 the Trust Company as Trustee conveyed to these appellees the real estate involved herein; that thereafter this court entered judgment in this cause in favor of the Trust Company as trustee; that these appellees are in privity with the said Trust Company as Trustee and said judgment innures to their benefit.

At this point we believe it would be well to summarize certain of the exhibits referred to in the transcript in Cause No. 61771.

Exhibits 1 and 3 in said transcript are the original contracts referred to above as Exhibits 1 and 2 of appellant's complaint.

Exhibit 4 in said transcript is the contract between Fred Wagner, John C. Barrett and the Trust Company entered into on the 29th day of October, 1923. By the terms of this contract Wagner agreed to sell his one-fifth interest in said property for the sum of $50,000 in specified biennial installments commencing November 1, 1928 and final payment to be made November 1, 1938. It specifies that Lucius M. Wagner, Eva B. Wagner, Catherine D. Wagner Blakely and Ada Wagner Power, brothers and sisters, are the owners of the other four-fifths of said real estate. In addition to said sum of

$50,000 Barrett agreed to pay interest at the rate of 6% per annum payable semi-annually, to pay all taxes, etc., after November 1, 1923. The agreement further provided that to protect the interest of the parties Wagner and Barrett had contemporaneously with the execution of this contract conveyed by warranty deed said property to the Trust Company to be held by it for the benefit of the seller and purchaser as their interests may appear, and in accordance with the provisions of said contract. The duties of the Trust Company when it accepted the deeds to it of said property are described in the purchase contracts as follows:

> "It is further agreed that if the party of the second part shall make default in any of the payments required herein to be made to the party of the first part and shall continue in such default for a period of Ninety (90) days after written notice of such default, then the party of the first part may, at his election terminate this contract and demand from the American Trust Company a deed reconveying said property to him and he may retake and hold the possession of said real estate free and clear from all claims and demands from the party of the second part as in his first and former estate. In order, however, that the American Trust Company may know of such written notice to the party of the second part, a copy of said notice together with the manner of service thereon shall be given to the American Trust Company.
>
> "The American Trust Company may act upon any notice that it believes to be genuine and shall become liable hereunder only for its own gross negligence and its signing and executing this agreement acknowledges its acceptance of the trust created in it, for the use and benefit of both the parties of the first and second parts."

Exhibit 5 of said transcript is a contract between the same parties as those to the contract in Exhibit 4. It specifically provided Barrett made no binding agreement to pay any sum to any person, but that if he pay

the sums specified in said agreement and perform the other terms thereof, the Trust Company shall convey said property to him. The price and terms are the same as set out in Exhibit 4. Time is made the essence of this agreement. Provision is also made for the conveyance of certain portions of said real estate upon the payment by Barrett to the Trust Company of certain specified amounts.

Exhibit 7 of said transcript is a contract dated March 7, 1924 between Ada Wagner Power, John C. Barrett, and the Trust Company by which she agrees to sell her one-fifth interest in said real estate for the sum of $30,000 payable in nine annual installments beginning September 1, 1928 and ending September 1, 1936. This contract contains essentially the same conditions as those in Exhibit 4.

Exhibit 8 is a contract between Catherine Wagner Blakely, John C. Barrett, and the Trust Company for the sale of her interest in said real estate. This contract, except the price, has the same provisions as those in Exhibit 5.

Exhibit 9 is a similar contract to Exhibits 5 and 8, except as to the purchase price. Lucius Wagner is the seller in this agreement.

Exhibit 10 is an agreement of September 11, 1931 wherein Catherine Delores Blakely grants an extension of time to Barrett to make payments due under the contract. This contract provides Barrett is to comply with all the other terms of the original agreement.

Exhibit 11 is an agreement of April 8, 1932 between the same parties referred to in Exhibit 10 for an extension of time for payments.

Exhibit 12 is an agreement of November 1, 1933 between Catherine Delores Blakely, Ada Wagner Thackery and Lucius Wagner as vendors, John C. Barrett, vendee, and the Trust Company as Trustee. This con-

tract granted vendee an extension of time in which to pay delinquencies and provided for the distribution of gross income from the property. It specifically provided that, except as modified therein, existing contracts between the parties were ratified and confirmed.

Exhibit 13 is an agreement of September 11, 1931 between Lucius M. Wagner, John C. Barrett, and the Trust Company. It is an agreement granting Barrett an extension of time for the payments due pursuant to the agreement of June 9, 1925.

Exhibit 14 is an agreement of August, 1936 between Catherine Delores Blakely and Lucius Wagner as vendors, and John C. Barrett as vendee, and the Trust Company as Trustee. By the terms of this agreement the vendors waived all existing defaults of vendee on condition the entire income from said property be devoted to payment of taxes, insurance premiums, necessary repairs, expenses of operation, and interest on the purchase price. By the terms of this agreement vendee retained management, etc. of the property. It provided the manner in which the Trustee was to allocate funds received from vendee. It provided for a waiver of future defaults. It further provided vendee did not have the right to sell or assign his interest in said *purchase contracts* without the consent of vendor unless all delinquent principal, interest, taxes and other charges against the property were paid at the time of such sale or assignment; that in the event of vendee's death or of the transfer of any of the vendee's interest in said *purchase contracts,* the waiver herein made shall become void and said vendors shall have the right to declare a forfeiture of all vendee's rights in or under *any of the* purchase contracts hereto entered into by the parties and to such action as may be necessary and proper to terminate said contracts. This agreement provided the contract of November 1, 1933 between the parties is

cancelled and shall be null and void on the execution of this contract. The existing *purchase contracts* referred to in this agreement are modified as to the respective interests of the vendors to conform to this agreement which shows said vendors own eleven-fifteenths of said property.

Appellant filed her demurrer to the fifteenth to twentieth paragraphs of appellees' second answer on the grounds that they do not constitute a defense to her complaint. The memorandum in supoprt of said demurrer avers, in substance, that probate proceedings in the estate of John Barrett constitute no defense because appellant's title to the real estate was not therein involved but only the possession of said real estate during the limited period of administration, and said probate proceedings were not adversary to appellant. That the proceeding in Cause No. 61771 constitutes no defense to appellant's action because it appears said proceedings were in ejectment and appellant was not a party to said action or in privity with any party to such proceedings. Therefore, said proceedings could not and did not determine any of the rights of appellant described in her complaint.

Final judgment in Cause No. 61771 (refers to subparagraph 4 of Paragraph seventeen of said answer) constitutes no defense because it appears from the face of said answer that the portion of said judgment which purported to adjudge the Trust Company as Trustee of said real estate was void on its face, because the Trust Company as Trustee of said real estate did not make any claim to be the owner of the real estate under the second amended cross-complaint filed by it, but on the contrary filed same as Administrator of the Barrett estate and did not allege it was either legal or equitable owner of said real estate but merely prayed the court to determine its rights and interests as such adminis-

trator and sought specific performance of the contracts to purchase said real estate which right had previously rested solely in appellant; that it would be against conscience to enforce said judgment because appellee as Trust Company deliberately failed to make appellant a party and failed to make the Trust Company individually and as escrowee, a party to said second amended cross-complaint and deliberately omitted not less than seven contracts from the contracts pleaded by the Trust Company, and said judgment did not purport to quiet the title to said real estate and did not refer to appellant or any of her right, title or interest in said real estate.

The final judgment in Cause No. 61771 was not a defense for the reason said judgment was in ejectment and related wholly to the possession of said real estate. Appellant was not a party to said cause nor in privity with any of the parties, etc.

The agreements referred to in rhetorical paragraphs 1, 2, 3, 4, 5, 6, 7 and 8 of the answer do not constitute an answer because all of said agreements tend to establish the liability of appellees and do not disclose they are non-liable.

The fact that appellant became informed of said Cause No. 61771 and knew that the estate of Barrett was insolvent, and during all the time she abandoned the property, made no effort to obtain possession of it, did not tender the Trust Company the sums due under the contract as alleged in rhetorical paragraphs 2, 3 and 4 of Paragraph nineteen, constitutes no defense for the reason that no facts are alleged to show appellant was under any obligation to intervene in Cause No. 61771, nor were said alleged failures on her part sufficient to cause her to become bound by said judgment or to become a party in privity with any of the parties thereto.

The facts alleged in Paragraph twenty do not constitute a defense for the reason the conveyance by the

Trust Company as Trustee did not affect and was not binding in any manner on the right, title, claim and interest of appellant.

Finally, the answer was filed without leave of court.

Appellant contends that John C. Barrett became the sole equitable owner of the real estate involved herein under the terms of the contracts of May 26, 1921, and such contracts were subject to specific performance by said purchaser. She concedes that while Barrett became sole equitable owner the sellers retained a vendor's lien on said property; that said vendor's lien was equivalent to an equitable mortgage and subject to foreclosure if the purchase price were not paid pursuant to the terms of the contracts.

That appellant as transferee from said Barrett in his lifetime and as his sole heir at law and distributee of his estate after death became sole equitable owner of said property, with sole right of possession thereof, and was thereby entitled to specific performance of said purchase contracts.

Appellant asserts the trial court erred in overruling her several motions to make more specific, to strike and to separate. Because practically the same questions are presented on the question of the court's overruling her demurrer to the 15th to 20th paragraphs of the second answer, we proceed to a consideration of that ruling. In support of this contention appellant asserts a plea of *res judicata* is demurrable if it fails to allege: (1) That the prior proceeding in which the previous order or judgment relied upon was entered was between the same parties or privies as those in the pending suit; (2) That all or some of the same causes of action or issues were involved in the prior proceedings as in the pending suit; (3) That the court entering the prior order or decree was a court of competent jurisdiction to

adjudicate all or some of the same causes of action or issues in the prior and present proceedings; (4) That the previous order or judgment necessarily decided all or some of the same causes of action or issues in present proceedings and was entered on the merits in the prior proceedings, citing, among others the cases of *Johnson et al* v. *Knudson-Mercer Company* (1906), 167 Ind. 429, 79 N. E. 367; *Banta et al.* v. *Banta et al.* (1948), 118 Ind. App. 117, 76 N. E. 2d 698; *Grieger, Guardian* v. *Carlson, Treasurer, et al.* (1927), 86 Ind. App. 329, 157 N. E. 443. These cases sustain the above rule.

Appellant then contends that under the facts alleged in her complaint she became the sole equitable owner of this real estate by virtue of the fact John C. Barrett having, in the year 1940, by written agreement inter vivos duly assigned all his right, title and interest in and to said property as his assignee and successor in interest and placed her in exclusive possession thereof; that therefore her equitable title was not subject to be sold under the statute for the payment of decedent's debts.

Furthermore, she asserts that even if under the foregoing facts she had not become sole equitable owner, etc., she became such equitable owner as his sole heir-at-law and as sole distributee after his death, subject only to the right of the Administrator to sell said real estate to pay decedent's debts; that it is the rule that title to an ancestor's real estate rests upon his death in his heir applies even if the estate of the ancestor is insolvent. *McClure et al.* v. *The Federal Land Bank of Louisville et al.* (1938), 213 Ind. 644, 648, 14 N. E. 2d 101. There is no showing in the pleadings that the real estate involved was ever sold to pay decedent's debts.

It seems clear to us from the record herein that appellees' Paragraph Sixteen of its second answer did

not properly plead the defense of *res judicata* and therefore the trial court erred in over-ruling appellant's demurrer to that paragraph of answer.

Cause No. 61771 was an action in ejectment. It is well settled that an ejectment decree is not *res judicata* so as to be binding upon a person who is not made a party to such proceeding. *Jones* v. *Vert et al.* (1889), 121 Ind. 140, 22 N. E. 882; *Tobin et al.* v. *McClellan* (1947), 225 Ind. 335, 73 N. E. 2d 679, 75 N. E. 2d 149. It is admitted appellant was not a party to that action, and in our opinion, for the reasons herein-after stated, she was not in privity to any of the parties in that action. The defendants in that action were the Trust Company as Administrator of the decedent's estate and as Trustee of said real estate. In its answer in that case it admitted the plaintiffs therein were the owners of said real estate but affirmatively alleged said ownership was subject to the right and option and agreement of the defendant Trust Company as Administrator of said estate under the purchase contracts. *The Trust Company as Trustee made no claim to said real estate in said cause.*

While there is some dispute between the parties hereto as to whether the Trust Company held this property as a naked trust or an express trust, in our opinion the nature of the trust does not here affect the question of privity between the appellant and the Trust Company in that action.

To be sufficient as a complaint by the trustee of an express trust the pleading must clearly disclose the plaintiff is acting in a representative capacity and should disclose who is the *cestui que* trust. *Sherman & Ellis, Incorporated* v. *Indianapolis Castings Company* (1924), 195 Ind. 370, 144 N. E. 17. That was not done here.

A trustee of an express trust represents his beneficiary in litigation only when such litigation is with a stranger to the trust. *Robertson et al.* v. *Van Cleave et al.* (1891), 129 Ind. 217, 26 N. E. 899, 29 N. E. 781.

It seems to us that the salutary wisdom and justice of the foregoing rule is demonstrated by the pleadings herein. In our opinion it would be unconscionable to hold that a trustee could represent and bind one beneficiary in a suit brought against the trustee by another beneficiary. Yet, this is the contention of appellees here.

In the case of *Tobin et al.* v. *McClellan, supra,* at page 344, the Supreme Court, in defining the term "privy" in actions of this nature, said: "A privy is one who, *after the commencement of the action,* has acquired an interest in the subject-matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." (Citing authorities). (Emphases are those of the Supreme Court).

The pleadings herein disclose appellant's asserted interest in said property was acquired prior to the commencement of Cause No. 61771. The issues in that case were entirely different than those in this case. Therefore that judgment was no defense to this action of appellant.

Appellees contend appellant's argument in her brief in reference to the trial court's ruling on her demurrer to the five paragraphs of answer is confined solely to the defense of *res judicata,* which they assert is only pleaded in the sixteenth and seventeenth paragraphs of answer; that paragraphs eighteen, nineteen and twenty of their answer is based on other affirmative defenses and therefore they assert appellants have conceded these last mentioned paragraphs of answer are sufficient to bar appellant from all relief despite her replies to said answers. For the reasons hereinafter stated, we cannot agree with this contention.

Paragraph eighteen, by reference, makes twelve of the exhibits set out in the transcript contained in Paragraph seventeen a part of said paragraph eighteen. It then sets out several contracts between John C. Barrett, the Trust Company and appellees which, as heretofore set out, they aver superseded the original contracts set out in appellant's complaint. They contend these later contracts were options to purchase and not contracts of sale, and therefore they constituted no interest in the real estate and did not descend to appellant.

We do not agree that the contracts referred to superseded the original contracts of sale and purchase. In our opinion they were only modifications of the terms of the original contract. Even if these contracts changed the original contracts of purchase and sale to mere options to purchase, that would not sustain appellees' contention here. As heretofore indicated, the complaint alleged that appellant and her predecessor in title had paid to the sellers the "full purchase price of said real estate and have fully performed each and all of the other agreements" of the purchase contract, and that the sellers of said property "have heretofore accepted and received during the period from 1921 and the filing of this action the full consideration to which they were entitled" under the purchase contracts. Under these circumstances, even if these subsequent contracts changed the original contracts from one of sale and purchase to an option contract, appellant would be entitled to specific enforcement of her contract. *Herrman* v. *Babcock et al.* (1885), 103 Ind. 461, 3 N. E. 142; *Thomas et al.* v. *Heddon et al.* (1917), 186 Ind. 48, 114 N. E. 218; *Bauermeister* v. *Sullivan* (1928), 87 Ind. App. 628, 160 N. E. 105 (Transfer denied). Furthermore, all of these additional matters could have been proven under the answer of admission and denial.

The nineteenth paragraph of answer incorporates by reference the allegations in Paragraphs seventeen and eighteen of said answer. Its additional averments have been set out hereinbefore. These, at most, are an argumentative denial of the allegations of payments made in appellant's complaint. The only affirmative defense asserted is based on the judgments pleaded as *res judicata*.

The twentieth paragraph of answer also incorporates the allegations of the 17th and 18th paragraphs of answer. It then avers the trial court in this action entered judgment in favor of the Trust Company and these appellees are in privity with said Trust Company, and therefore the judgment in favor of the Trust Company innures to their benefit. For the reasons hereinbefore stated, we cannot agree with this contention. (That judgment is not in the record before us).

We are of the opinion the only affirmative defense attempted to be set up in paragraphs sixteen to twenty was that of *res judicata*. Under the authorities herein cited we hold that defense was not properly pleaded. Therefore, the trial court erred in overruling appellant's demurrer to each of these paragraphs of answer.

Because of the conclusion we have reached, it is not necessary to consider the second question.

Judgment reversed, with instructions to the Elkhart Superior Court to sustain appellant's demurrer to the sixteenth, seventeenth, eighteenth, nineteenth and twentieth paragraphs of appellees' answer.

## ON PETITION FOR REHEARING

ROYSE, C. J.—Appellees have filed a petition for rehearing in this case, which, in our opinion, does not show error and should be denied. Also, we believe the petition should be denied for another reason:

Rule 2-22, Rules of the Supreme Court, provides as follows:

> "Application for a rehearing of any cause shall be made *by petition, separate from the briefs,* signed by counsel, and filed with the clerk within 20 days from rendition of the decision, *stating concisely the reasons why* the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within 10 days after the filing of the petition." (Our emphasis.)

The purported petition for rehearing contains more than twenty-three typewritten pages. It is not a concise statement of why they believe our decision is erroneous. It is primarily an argumentative brief which does not comply with the above rule.

The Rules of the Supreme Court have the force and effect of law and are binding on the courts as well as litigants. *State ex rel. Woods* v. *Knox Circuit Court* (1954), 233 Ind. 552, 121 N. E. 2d 880; *State ex rel. Hunt* v. *Heil, Judge* (1951), 229 Ind. 250, 97 N. E. 2d 634; *McCague* v. *New York etc. R. Company* (1947), 225 Ind. 83, 73 N. E. 2d 48; *James C. Curtis & Company* v. *Emmerling et al.* (1941), 218 Ind. 172, 31 N. E. 2d 57; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Magnuson* v. *Billings* (1899), 152 Ind. 177, 52 N. E. 803; *Allmon* v. *Review Board of Indiana.* (1953), 124 Ind. App. 212, 116 N. E. 2d 115; *Waters* v. *Perfect Circle Corporation* (1953), 124 Ind. App. 70, 114 N. E. 2d 436; *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166; *Hoover* v. *Shaffer et al.* (1948), 118 Ind. App. 399, 80 N. E. 2d 569; *Fetter* v. *Powers* (1948), 118 Ind. App. 367, 78 N. E. 2d 555; *Blake* v. *State* (1943), 114 Ind. App. 1, 48 N. E. 2d 651; *Heckman* v. *Howard et al.* (1941), 109 Ind. App. 548, 36 N. E. 2d

957; *Hillyer, Administrator* v. *Boyd, et al.* (1941), 109 Ind. App. 18, 32 N. E. 2d 93; *Union Insurance Company* v. *Glover* (1941), 109 Ind. App. 315, 34 N. E. 2d 934; *Kubisiak* v. *Kubisiak* (1941), 108 Ind. App. 664, 31 N. E. 2d 656; *Thompson* v. *C. C. & St. L. Railway Co.* (1937), 105 Ind. App. 97, 11 N. E. 2d 81; *Martin* v. *Petgin* (1937), 104 Ind. App. 308, 11 N. E. 2d 59; *Miller* v. *Miller* (1937), 104 Ind. App. 298, 10 N. E. 2d 746; *Jones* v. *Moise* (1937), 104 Ind. App. 390, 8 N. E. 2d 99; *Lindeman* v. *Lindeman* (1937), 103 Ind. App. 494, 8 N. E. 2d 1004; *Humphrey* v. *Pleasure Park Company* (1933), 97 Ind. App. 592, 187 N. E. 682; *Gedney & Sons, Inc.* v. *Tinner et al.* (1933), 95 Ind. App. 544, 183 N. E. 886; *Loeser et al.* v. *Goldberg, et al.* (1932), 95 Ind. App. 52, 182 N. E. 462; *Bingham, Receiver* v. *Newton Bank et al.* (1916), 63 Ind. App. 606, 114 N. E. 97; *Chicago etc. Ry. Co.* v. *Priddy* (1917), 65 Ind. App. 552, 108 N. E. 238; *Rook et al.* v. *The Straus Bros. Company* (1906), 60 Ind. App. 381, 110 N. E. 1006; *Rooker* v. *John Hancock Mutual Life Insurance Co. et al.* (1933), 98 Ind. App. 478, 184 N. E. 306; *Knickerbocker Ice Co.* v. *Surprise* (1913), 53 Ind. App. 286, 97 N. E. 357; *Griffith* v. *Felts et al.* (1913), 52 Ind. App. 268, 99 N. E. 432; *Price* v. *Swartz* (1912), 49 Ind. App. 627, 97 N. E. 938; *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73; *Dillon, Administrator* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171. Thus we see the rules have been so construed for nearly fifty years. We have been unable to find any decision of the Supreme or of this court holding otherwise.

This applies to each rule. It has been applied to the above quoted rule. *Reed* v. *Kalfsbeck et al.* (1897), 147 Ind. 148, 157, 46 N. E. 466; *The Baltimore and Ohio Southwestern Railway Company* v. *Conoyer* (1898), 149 Ind. 524, 532, 49 N. E. 452; *Goodwin* v. *Goodwin, Executor* (1874), 48 Ind. 584, 596; *Terre Haute, Indi-*

*anapolis and Eastern Traction Company* v. *Scott* (1930), 91 Ind. App. 690, 694, 172 N. E. 659 (Transfer denied).

In Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, Vol. 2, §2833, pp. 397, 398, after quoting the rule it is stated the petition must state concisely why the decision is thought to be erroneous, citing numerous authorities.

We as an intermediate appellate tribunal, are bound by the ruling precedents of the Supreme Court. It may be that in the past petitions for rehearing that failed to comply with the rule have been acted on without question. That perhaps was caused by the failure of counsel to call the attention of the court to such violation. However, it is our duty to obey the rule and adhere to the construction placed upon it by the Supreme Court. We have no right or authority to amend, alter or ignore the rule. This is true whether the violation is brought to our attention by the parties or by this court.

For the reason the petition for rehearing does not comply with the foregoing rule, is presents no question. Therefore, the petition is denied.

KELLEY, J.—Concurs in result with opinion; also

BOWEN, J.—Concurs in result only, with opinion.

### CONCURRING ON PETITION FOR REHEARING

KELLEY, J.—We have denied the petition for rehearing filed by the appellees in the above appeal. That the petition should be denied for the reason that it fails to show error in the opinion handed down, meets with no opposition. However, an additional element or reason for denial has been injected which I think needs some attention. The new matter pertains to the compliance by the petitioner with Rule 2-22 of the Supreme Court. This rule was adopted April 17, 1940 and became effective

September 2, 1940. It was amended June 17, 1943, effective September 6, 1943.

The material substance of this particular rule, as it now stands, has been in effect for 15 years. Yet I know of no case, nor have I been able to find any, until a recent case in which I did not participate, in which a petition for rehearing was denied or dismissed on the ground that it contained some argument or citation of authorities.

It has been a somewhat common practice for attorneys to incorporate a degree of argument with citation of authorities in their petitions for rehearing, and, to my best recollection, we never have raised or noted any objection to the consideration of such petitions because they did not strictly comply with the rule stated. Vainly have I endeavored to find one case, other than the aforesaid recent one not participated in by me, wherein the rehearing petition was denied or dismissed upon the ground now referred to. All of the cases I found held that the petition stated no proper ground for rehearing or that the petition "does not state any particular cause or errors by reason of which the decision of the court . . . is supposed to be erroneous." *Reed* v. *Kalfsbeck, et al.* (1897), 147 Ind. 148, 157, 46 N. E. 466. See, also, *The Baltimore and Ohio Southwestern Railway Company* v. *Conoyer* (1898), 149 Ind. 524, 532, 49 N. E. 452; *Goodwin* v. *Goodwin, Executor,* (1874), 48 Ind. 584, 596; and *Terre Haute, Indianapolis and Eastern Traction Company* v. *Scott* (1930), 91 Ind. App. 690, 694, 172 N. E. 659.

The cases and the rule all provide that the petition must state concisely the reasons why the decision is thought to be erroneous. That, of course, is fundamental. But under the present inclination of this court, a petition which does concisely state such reasons is to be denied or dismissed because some argument or citation

of authorities is contained therein. Certainly, the rule does not state that the petition can contain no words of argument and no citation of authorities, no matter how brief or few in number. Under the rule, what prevents our consideration of such matter as surplusage? In our Code pleading, a complaint, answer, or other pleading, is not dismissed or thrown out because it contains surplusage. The only right given with reference thereto is to have the surplusage set aside or stricken out on motion. Burns' 1946 Replacement, Sec. 2-1054. But under our construction of said Rule 2-22, a client or litigant, perhaps in a very important and essential appeal, with vital interests and much property at stake, is to be deprived of consideration by our Supreme Court of the merits of his cause and the virtue of our opinion by the sudden and unexpected asserted violation of the rule which, in fact, does not provide that he can have no argument nor citation of authorities in his petition. The rule states that the "reasons" must be concisely stated. It does not provide that the "petition", itself, must be concise nor that it can contain nothing but the stated reasons.

All these many years we have lulled the profession, and particularly those attorneys who participate frequently in appeals and appellate procedure, into a belief that we do not insist upon a rigid compliance with the stated rule and they have come, insofar as more or less minor infractions are concerned, to rely upon our past record with regard thereto. If we now intend to insist upon strict compliance with the rule, then let us first determine exactly what the rule means, the scope thereof, and advise the bar of our intention to dismiss all rehearing petitions which are not in complete compliance therewith.

Under the circumstances, it seems to me that we would do well to heed the expression of the highest au-

thority in our Nation. As stated in 14 Am. Jur., Courts, page 361, Sec. 157, ". . . the statement has been made by the very highest authority that rules of court are merely the means to accomplish justice, and that it is always in the power of the court to suspend its own rules and except a particular case from its operation whenever the purposes of justice require it." *The United States* v. *Gotlieb Breitling* (1858), 20 How. (U. S.) 252, 15 L. Ed. 900.

We are not unfamiliar with the fact that well intentioned attorneys with little experience in appellate practice are very apt to in some way infract not only this rule, but others, in the honest belief that they have complied therewith and with good faith effort so to do. Notwithstanding such, we who constantly deal with the rules and who sometimes find ourselves at variance as to their interpretation and application, now propose, upon grounds not clearly defined by the rule, to dismiss the rehearing petitions and with them the coveted right of the unfortunate clients to have their cause reviewed by the Supreme Court. Is this meeting the ends of justice?

I would not want it understood that I am proposing that parties litigant can violate the rules, in a substantial manner, and escape the consequences upon the plea of "good faith effort" or want of knowledge. Most of the rules are clear and unambiguous. But the rule now being considered, in my opinion, is not as clear as could be hoped for. It is evident that the petition cannot be merged in the briefs and must be separate and apart therefrom. And it is clear that the petition must be concise as to the "reasons" specified. But wherein does the rule provide that if the petition contains anything other than the reasons, concisely stated, it must be denied or dismissed?

I think the rehearing petition before us should be denied, but upon the ground that it does not show error.

CONCURRING ON PETITION FOR REHEARING

BOWEN, J.—I agree with Judge Kelley in his concurring opinion on petition for rehearing in this cause. I concur only in the result in the opinion denying rehearing. In one sentence the opinion denying rehearing decides the matter on the merits in the following words: "Appellees have filed a petition for rehearing in this case, which, in our opinion, does not show error and should be denied." Thereafter, such opinion asserts in substance that such petition should not be considered because it does not technically comply with the rules. In my opinion I respectfully submit that this is a most unusual anomaly, and an inconsistent determination of the questions presented by the parties to this appeal. The petition is either sufficient or it is not sufficient. Holding the petition to be sufficient in the first instance and denying it on the merits, completely negates any added reasoning hinting that it might have been technically insufficient under Rule 2-22, Rules of the Supreme Court. By all rules of practice and common sense any reference to the technical insufficiency of a petition for rehearing must be treated as pure *obiter dicta* since the decision flatly and definitely determines the matter on the merits, and a majority of this court determined that this case should be decided on the merits. Furthermore, in my opinion, even to hint that a party should be denied his rights for a consideration of his petition for rehearing on the merits simply because he may have added thereto citations of authority and argument, and to assert that this practice is a violation of Rule 2-22 seems to be an unwarranted and unreasonable paralogism. In fact the rules do not even require that a brief be filed in connection with a petition for rehearing, and to indicate even by dictum that a petition for rehearing, which clearly sets forth the particular cause or errors by reason of which the decision of the court is claimed

to be erroneous, must not be considered simply because the party filing the same has added some citation of authority and argument, in my humble opinion seems highly specious and technical.

The decisions cited in support of the contention that the petition should not be considered, *Reed* v. *Kalfsbeck et al.* (1897), 147 Ind. 148, 157, 46 N. E. 466; *The Baltimore and Ohio Southwestern Railway Company* v. *Conoyer* (1898), 149 Ind. 524, 532, 49 N. E. 452; *Goodwin* v. *Goodwin, Executor* (1874), 48 Ind. 584, 596; *Terre Haute, Indianapolis and Eastern Traction Company* v. *Scott* (1930), 91 Ind. App. 690, 694, 172 N. E. 659 (Transfer denied), are not applicable in that in each of these cases it was held that the petitions were insufficient because they did not state particular reasons why the decisions were deemed to be erroneous, and the petition itself was held insufficient and not by reason of the fact that it contained citations of authority and argument.

Also, by way of analogy, in considering the application of rules of court, it has been so well-settled as not to admit of argument, by enlightened decisions of the courts of this state that a good faith effort and a substantial compliance with the rules as to the preparation of briefs so that under the rules and with a full consideration thereof, this court is fully able to understand the various points made, is all that is required. *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. 2d 836; *Linville* v. *Chenoweth* (1945), 115 Ind. App. 355, 59 N. E. 2d 129; *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N. E. 2d 199, 57 N. E. 2d 586.

Courts, by reason of human fallibility, should have a constant interest in petitions for rehearing to the end that justice be done to the litigants. Under Rule 2-22 when a petition is filed, as in the instant case, which states concisely the reasons why the decision is thought

to be erroneous, the matter should be determined on the merits, even though such petition may contain surplusage in the form of citation of authority and argument, the addition of which is not prohibited by any rule of court. The rule merely states that application for rehearing should be made separate from the briefs. Certainly the surplusage contained in this petition for rehearing, either by the same type of technical reasoning asserted in attempting to hold the petition for rehearing insufficient, or in substance, could not be called a brief under Rule 2-19, Rules of the Supreme Court.

NOTE.—Reported in 130 N. E. 2d 62.
Rehearing denied 131 N. E. 2d 357.
Transfer denied, Achor C. J., Bobbitt J. dissents.